## F. M. HILL v. R. D. ALLISON.

1. TRESPASS TO TRY TITLE—BURDEN OF PROOF.—When, in trespass to try title, plaintiff, in his original petition, sets up a deed under which he alleges that defendant claims, and then, by allegations, seeks to avoid the effect of the deed, he assumes the burden of proof on the issue thus made by him.

2. TRESPASS TO TRY TITLE.—When, in trespass to try title, plaintiff sets up in his petition a valid judgment against himself, execution, levy and sale of the land, and purchase thereof by the defendant, he is bound by the same, unless he shows that the sale was void or passed no title. If in such a petition he seeks to avoid the effect of such sale, by setting up homestead rights in the land, and that defendant's purchase occurred while defendant was plaintiff's tenant in possession, and bound by the lease to deliver possession at the end of the term,—evidence of such lease, tenancy, and possession will not, of itself, authorize a recovery. It was error not to submit the issue arising on allegations touching the question of homestead.

APPEAL from Collin. Tried below before the Hon. Joseph Bledsoe.

Action of trespass to try title to parts of lots numbers 21 and 22, in block number 3, in the town of McKinney. Plaintiff Allison alleged that on the 31st day of December, 1874, he was the legal and equitable owner and holder of said property, and seized and possessed of the same; that on said day he leased the property to defendant by written contract, " said lease to terminate and property to be delivered to plaintiff on the 31st day of December, 1875, and at the termination thereof defendant refused to deliver possession, and forcibly holds, occupies, and enjoys the premises"; that defendant claimed said premises absolutely as his own under a sheriff's sale and deed made by W. W. Merritt, as sheriff of Collin county, on or about the 5th day of November, 1875, by virtue of a judgment and execution against plaintiff and J. H. Allison in favor of James Trabue *et al.;* charged him with possession of said deed; notified him to produce the same, or secondary evidence of its contents would be offered in evi-

dence on the trial; and that said deed cast a cloud upon his title.

Plaintiff further charged that said sheriff's sale and deed were void, because the premises attempted to be conveyed by virtue thereof were, at the date of said sale and prior thereto, and prior to the rendition of the judgment under which the sale was made, occupied by himself and family and used and enjoyed as part and parcel of his homestead, he being the head of the family; that the residence of the family was situated within forty feet of and adjoining the lot in controversy; that all of said property at the time of its dedication as a homestead was not worth exceeding $2,000, and was not subject to forced sale; that appellant, on or about the 1st day of January, 1876, entered upon the premises and forcibly ejected appellee therefrom, and since that date has appropriated the rents and profits of the same to his own use, of the yearly value of $500; prayed judgment for his rents, damages to said premises, and costs; that the cloud cast upon his title by the deed to appellant from W. W. Merritt, sheriff, be removed, and said deed be cancelled and writ of restitution awarded.

The cause was submitted to a jury, who, under the charge of the court, returned the following verdict, to wit: "We, the jury, find for the plaintiff the possession of the property in controversy and $494.25 rent." Judgment was rendered upon this verdict that plaintiff have and recover the lots in controversy and be awarded writ of possession, and that he recover of appellant the amount of rent and have execution.

The evidence disclosed that Allison purchased the land in controversy from J. M. Benge, and went into possession of the same under bond for title; afterwards, on the 31st of December, 1875, he leased the property to appellant, who, purchasing at sheriff's sale during the period of the lease, asserted title in himself.

On the trial, the court charged, in effect, that if plaintiff went into possession under his title bond, and continued in

possession until defendant claimed the property in his own right, plaintiff would be entitled to recover, in the absence of any title on the part of defendant being shown; also, that the possession of Hill under the lease was, during the continuance of the lease, the possession of Allison.

The court refused to give an instruction asked by Hill's counsel, to the effect that plaintiff having set up in his petition a valid judgment against himself, execution upon the same, levy on the property in suit, and a purchase of defendant under it, he is bound by the same until he shows that the sale is void or passed no title.

*Throckmorton, Brown & Bro.,* for appellant.—Appellee having set out in his petition that appellant claims the property in controversy under a sheriff's sale, by virtue of judgment and execution against himself, and gave him notice to produce the sheriff's deed, or secondary evidence would be offered of its contents, it was not necessary for appellant to introduce any paper title to himself; and appellee is bound by the appellant's title as plead by him, unless he shows in himself a superior title, or that his right and title did not pass from him by said sheriff's sale. (Wilson *v.* Palmer, 18 Tex., 595, 596; Stephens *v.* Hix, 38 Tex., 658, 659; Graham *v.* Henry, 17 Tex., 168; Bourke *v.* Vanderlip, 22 Tex., 221; Hudson *v.* Wheeler, 34 Tex., 363; Walker *v.* Burks, 48 Tex., 206.)

*Richard Maltbie,* for appellee.

BONNER, ASSOCIATE JUSTICE.—By a familiar rule, the pleadings of the plaintiff must be taken most strongly against him. Their legal effect, as shown by his affirmative allegations, is, that he and the defendant claim title to the lots in controversy from a common source,—the defendant claiming through the plaintiff, first, under a lease from him, and, second, under a subsequent sheriff's deed purporting to convey the title of plaintiff to him.

In anticipation of defendant's answer, and in the nature of a plea in confession and avoidance of his title, the plaintiff, in the first instance, by affirmative allegation, tenders the issue of the invalidity of this sheriff's deed to convey the property, because it was at the time of the levy and sale the homestead of defendant and his family.

The defendant does not answer specially, but simply by plea of not guilty. The effect of this was to put the plaintiff upon proof of his right to recover on the issue tendered by him. (Harlan v. Haynie, 9 Tex., 462.)

. The real issue, then, between the parties, as presented by the pleadings, was the validity of this sheriff's deed to pass title to the property; and, under the case as made, the burden of proof to avoid it devolved upon the plaintiff himself. He seems to have proceeded upon this theory. Whether the testimony was sufficient to sustain his allegations of homestead, we express no opinion. The court, however, did not present this issue to the jury, — though particular attention was called to it by the special charges asked by the defendant, — but rested the case solely on the possession of the defendant under the lease to him from the plaintiff. This action of the court is assigned as error. We think the same well taken, and that the cause should be reversed and remanded. It is accordingly so ordered.

REVERSED AND REMANDED.