### Texas Central Railway Company v. A. K. Bender.

#### Decided May 30, 1903.

**1.—District Court—Special Judge at Special Term.**

The article of the statute providing that "the several judges of the district courts shall hold the regular terms of their said courts * * * and such special terms as may be required by law," does not preclude a special judge from holding a special term of the court in the absence of the regular judge. Rev. Stats., art. 1111.

**2.—Proximate Cause—Special Finding of Jury.**

Special findings of a jury as to whether acts of negligence on the part of plaintiff in operating a hand car constituted the proximate cause of its collision with a train, held to be contradictory, but, when read together in the light of the charge defining proximate cause, not to present such conflict as required a reversal.

**3.—Contributory Negligence—Operating Defective Hand Car.**

Whether a person of ordinary prudence would, under all the circumstances, and knowing that its brake was defective, have operated a hand car at a speed of seven or eight miles an hour while in a cut and approaching a curve in the track, was a question for the jury, and their verdict finding that it did not proximately contribute to the collision with a train approaching from the opposite direction without blowing the whistle for the curve, is sustained.

**4.—Same—Assumed Risk.**

Plaintiff, in charge of the hand car, assumed the risk of its defective brake, but not that resulting from the failure of the train to whistle for the cut and curve.

**5.—Same—Concurring Cause of Injury—Negligence.**

Though the known defective condition of the hand car brake concurred with the negligence in failing to whistle for the curve, of which plaintiff was ignorant, this would not prevent a recovery on the ground of assumed risk, as would contributory negligence in case of concurring causes of injury.

**6.—Same—Ordinary Prudence.**

Nor can plaintiff be held to have forfeited his right to recover because of his effort to remove the hand car from the track, in doing which he was struck by the advancing train, where it is by no means clear from the evidence that a prudent man in his situation would have pursued a different course.

Appeal from the District Court of Comanche. Tried below before Hon. J. C. Randolph, Special Judge.

*Clark & Bolinger* and *Hutchinson & Presler,* for appellant.

*T. D. Webb* and *G. H. Goodson,* for appellee.

STEPHENS, Associate Justice.—This case was tried at a special term of the District Court, before a special judge, and on special issues, resulting in a judgment for appellee in the sum of $13,750, from which this appeal is prosecuted.

The first proposition submitted by appellant is, that it is not competent for a special judge to preside at a special term of the district court, in support of which article 1111 of the Revised Statutes is cited, reading: "The several judges of the district courts shall hold the regular terms of their said courts * * * twice in each year, * * *

and shall hold such special terms as may be required by law." The last clause of this article is quoted in appellant's brief with "shall" italicised, and it is argued that the Legislature meant by the use of this word in that connection to prevent any other than the regular judge from presiding at a special term; but the argument proves too much, for the very same word is used in the first clause, as will be seen from above quotation. We could not, therefore, adopt appellant's construction without repealing the constitution and laws providing for the election of a special judge in the absence of the regular judge, etc.

The next proposition assails a ruling on demurrer which was rendered immaterial by the verdict.

In the remaining numerous assignments of error complaint is made of the verdict and judgment, which we will now consider. Appellee, a section foreman long in the service of appellant, was seriously injured July 4, 1901, in a cut at a curve on appellant's railroad, by a collision between one of appellant's freight trains going south or east and a hand car going north or west, on which appellee and other section hands were riding. The train was about one hundred yards away when first seen by the men on the hand car, and was traveling at about the usual rate of speed for freight trains, that is, from twenty to twenty-five miles an hour. The hand car was traveling seven or eight miles per hour, which was a little less than the usual rate of speed for hand cars. The men on the hand car all escaped unhurt, except appellee and one other, who undertook to remove the hand car from the track and got it nearly off before it was struck.

The jury found in response to special issues that the engineer in charge of the train failed to give the usual and customary whistle blasts, or any whistle blast at all, on approaching said curve and before entering said cut, and that this failure was both negligence and the proximate cause of the collision and injuries. These findings are sustained by the evidence.

The jury also found that the hand car was defective, the axle being bent and the brake being worn so that it would not readily stop the car when applied, and that it was dangerous to use it in this condition; that this defective condition was due to the negligence of appellant; that appellee was also guilty of negligence in not inspecting the hand car and discovering the defective condition that morning before he took it out on the road, although it had just been returned from the repair shop, to which he had sent it for repairs; but that this negligence, whether of appellant or of appellee, was not the proximate cause of the collision, though they further found, in response to issue submitted at instance of appellant, that the defective brake "possibly to some extent" contributed to appellee's injuries. The defective condition of the brake was discovered by appellee that morning after he had gone a few miles from the section house, but the jury found that in continuing to use the hand car after this discovery was made, under the circumstances then existing,

appellee was not guilty of negligence, and also that that was not the proximate cause of the collision.

The jury found that appellee, in approaching the curve and entering the cut and in propelling the hand car through the same, did not fail, as was his duty, to keep a careful lookout for approaching trains or to have his hand car under control or to use ordinary care as to its speed, and that he was not only free from negligence in these respects, but also that the collision was not due to any such negligence.

The jury further found that appellee, after the discovery of the approaching freight train, did not fail to act as an ordinarily careful person would have done under the same or similar circumstances, and that the collision was not due to any negligence on his part at this juncture. They found that he was trying to save both himself and the hand car when the collision took place, but did not know whether he would have been injured or not if he had not attempted to remove the hand car from the track.

The jury further found that it was the duty of appellee and the section gang to repair their car when found to be defective, but did not know whether they could have done so in this instance after discovering the defect in the brake, and that the rules prohibited the use of cars so defective as to be dangerous. The jury found that if the brake had been in proper condition, the hand car could have been stopped in about forty feet, but as it was it ran 167 feet after the approaching train was discovered.

Proximate cause was defined in the court's charge to be "that cause producing the injury that was the natural and probable consequence of the negligence complained of, and that ought to have been foreseen in the light of the attending circumstances."

There is no such conflict in these findings as to warrant us in setting aside the judgment on that ground. True, the finding that negligence in respect to the defective brake of the hand car was not the proximate cause of the injury may seem to be, as appellant insists it is, inconsistent with the further finding that the defective brake "possibly to some extent contributed" thereto, as it must be held to have done, since the jury also found that if the brake had been in proper condition the hand car could have been stopped in about forty feet, whereas it ran 167 feet before the collision took place.

But when the findings are read in the light of the above definition of proximate cause, the seeming inconsistency disappears. The negligence of appellee in failing to inspect the hand car that morning before he took it out on the road, which was the only act of negligence charged to him by the verdict, was expressly found not to have been the proximate cause of the collision, and may therefore, in view of the other findings, be treated as a remote cause, which it evidently was.

The most difficult question in the case is raised by the assignments complaining of the verdict for being against the evidence in finding that appellee was not guilty of negligence proximately contributing to his

injury after he discovered the defective condition of the brake, the strongest contention being that with full knowledge of the defective condition of the hand car and of the consequent difficulty of promptly stopping and removing it from the track, appellee was traveling down grade at a rate of speed which he must have known to have been dangerous under the circumstances, it being his duty as section foreman to keep the hand car at all times under such control as to enable him to stop it easily so as to avoid collisions with passing trains.

From the testimony of the men on the hand car, who were returning to the section house after the day's work was done, it appears that they had just entered the cut and started down grade, turning the levers of the hand car loose after speeding it up so as to make it run by itself, when just as they turned the levers loose and rose up they looked and saw the approaching train some "two or three telegraph poles" from them. All immediately jumped from the hand car and escaped unhurt except appellee and one Harris, who assisted him in the effort to remove it from the track. Whether under the same circumstances persons of ordinary prudence would have so speeded up and turned loose a hand car in the condition of this one was peculiarly a question for the jury, and we have finally concluded, though not without some hesitation, that we would not be warranted in disturbing their finding. Even the violation of a rule of the company is not negligence per se. Railway Co. v. Connell, 27 Texas Civ. App., 533, 5 Texas Ct. Rep., 675. We are not prepared to say that it was wholly unreasonable for the men on the hand car to conclude, as they seem to have done, that the car could be easily stopped, though running seven or eight miles an hour, before it would collide at that place with an approaching train, notwithstanding the defective condition of the brake. While they were required to look out for such trains and knew they were liable to pass at any time, they also had a right to expect signals to be given at such places, which, if given in this instance, would have enabled them to both stop the car and remove it from the track.

Nor did appellee assume the risk of danger arising from the negligence of the trainmen in failing to whistle for the cut and curve, of which he was ignorant. It is insisted, however, that he assumed the risk involved in the continued use of a defective hand car, of which defect he was aware, and but for which the collision would have been avoided. And so he did, but that assumption did not extend to the extraordinary dangers of a collision of which the unknown and unexpected negligence of appellant was the proximate cause. Whatever danger was reasonably to be apprehended as the ordinary and natural result of the defective condition of the hand car, and that only, was included in the risk assumed by him. Though the defective condition of the hand car, of which appellee had knowledge, may have concurred with the negligence of appellant, of which he was ignorant, in producing the collision, that would not prevent a recovery on the ground of

assumed risk, as would contributory negligence in case of concurring causes of injury.

Nor did appellee forfeit his right to recover by trying to remove the hand car from the track. It is by no means clear from the evidence that a prudent man in his situation would have pursued a different course.

The findings that certain acts of appellee which were found not to be acts of contributory negligence were not proximate causes of the collision are complained of both for not being responsive to the issues submitted, and for not being sustained by the evidence, but in view of the foregoing conclusions these assignments become immaterial. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.