COONS v. LAIN. (No. 583.)

(Court of Civil Appeals of Texas. Amarillo. July 4, 1914.)

1. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR—CONDENSED ASSIGNMENTS.

Under rules 23 and 29 for Courts of Civil Appeals (142 S. W. xii), requiring the record to contain the assignments of error, and that appellant shall file a brief of the assignments of error relied on, presenting each ground separately under the proper assignments, and that each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned, assignments in a brief not purporting to be the same as those set by in the motion for new trial, but being condensed assignments, were waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS—STATEMENTS.

Where the assignments of error and propositions thereunder were not followed by a statement referring to the record, as required by rule 31 (142 S. W. xiii) for Courts of Civil Appeals, the brief of appellant on such assignment would be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. TRIAL (§ 356*)—SPECIAL ISSUES—ANSWER TO PART—JUDGMENT.

The mere fact ·that some of the issues are not answered does not necessarily render a verdict void or insufficient to support the judgment, where the issues answered decide the essential questions on which the merits of the case depend.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 849–854; Dec. Dig. § 356.*]

4. CONTRACTS (§ 94*)—RESCISSION—FRAUD.

Where plaintiff was induced to enter into a fraudulent and illegal contract upon defendant's misrepresentation that it had been held by the courts to be a legal contract which might be sent through the United States mail, plaintiff, on ascertaining such misrepresentations, was entitled to rescind the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430, 1160, 1164, 1165; Dec. Dig. § 94.*]

5. CONTRACTS (§ 139*)—RESCISSION—PARTIES IN PARI DELICTO.

Plaintiff who, on defendant's false representations that a proposed contract had been held legal by the courts, entered into it, and who received no benefit therefrom and abandoned it when he found it was illegal, was not in pari delicto, and could rescind and cancel the note given to defendant.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 684–700; Dec. Dig. § 139.*]

6. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS—WAIVER.

An assignment of error not copied into a brief will be considered as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

7. EVIDENCE (§ 207*)—JUDICIAL ADMISSIONS—ADMISSIBILITY.

In an action to rescind a contract on the ground that plaintiff had been induced to enter into it by defendant's false and fraudulent representations that the contract had been held by the courts to be legal and one that would not be excluded by the United States mail, and further alleging that defendant had pleaded guilty to an indictment in the federal courts for sending such contract through the mails and advertising it, the indictment and pleas of guilty were admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 707–712; Dec. Dig. § 207.*]

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

Action by Walter Lain against Chas. E. Coons. Judgment for plaintiff, and defendant appeals. Affirmed.

Cook & Cook and Cecil Storey, all of Vernon, and Mathis & Kay, of Wichita Falls, for appellant. Berry, Stokes & Morgan, of Vernon, for appellee.

HUFF, C. J. [1, 2] The appellee objects to the consideration of appellant's brief on the ground that the assignments of error as presented to the trial court, in the motion for new trial, are not copied in the brief of appellant. The assignments in the brief do not purport to be the same as those set up in the motion for new trial, and upon examination we find that they are not the same; that is, they are what appellant calls condensed assignments in most instances. Un-

der rules 23 and 29 (142 S. W. xii) we think the assignments should be considered waived by appellant. Ruth v. Cobe, 165 S. W. 530; Overton v. Colored Knights of Pythias, 163 S. W. 1053; Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054; Hayes v. Groesbeck, 146 S. W. 327; Bray v. Bank, 145 S. W. 290. The assignments and propositions thereunder are not followed by statements required by rule 31 (142 S. W. xiii), and the objections of appellee should be sustained, and the brief of appellant on said assignments will be disregarded.

[3] The appellant presents its sixth assignment of error as fundamental. The case was submitted to the jury upon special issues. The jury returned a verdict in answer to quite a number of the issues, to the effect that they could not agree. In the statement under this assignment appellant sets out all the issues upon which the jury failed to reach an agreement, and then states, "Under this and other findings, the plaintiff made a motion for judgment, which the court rendered." The other findings are not set out in this statement. If the jury's findings on the other issues entitled the appellee to the judgment, then there was no fundamental error in so rendering the judgment. We have examined the other findings and think such findings authorized the court to render a judgment for appellee. The appellant, we think, should have made the statement faithfully with reference to the whole of that which is in the record and having a bearing upon the proposition. The mere fact that some of the issues are not answered does not necessarily render the verdict void or insufficient to support the judgment. In the case of Sears v. Sears, 45 Tex. 557, Judge Moore said:

"The verdict of the jury on the issues upon which they found obviated the necessity of a direct finding upon the other issues submitted to them by the court. The verdict decides the essential questions upon which the merits of appellant's case depended, and warrants and supports the judgment. This is all that was necessary for the jury to do."

In O'Brien v. Hilburn, 22 Tex. 616, Judge Wheeler held:

"It is no objection to the judgment, that the jury did not find expressly upon all the issues submitted to them. It was only material, that their findings should embrace all that is essential to the rendition of the judgment, and this it does." Poole v. Dulaney, 19 Tex. Civ. App. 117, 46 S. W. 276.

Appellee presented a number of issues which it was alleged entitled him to relief. On some of these issues the jury found for him, which findings entitle him to judgment. Where the findings of the jury or their failure to do so does not necessarily conflict with the findings made by them, the court can render judgment on the findings so made. Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Railway Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561. The appellant, as an assignment of error, presents fundamental error to the effect that appellee alleged that the contract was fraudulent and against the laws of the country, and that appellee, as shown by the evidence, was in pari delicto, and therefore could not recover in this case. The allegation set up a contract which was fraudulent and against public policy and alleged the further fact that appellant was indicted and convicted in the federal court for using the United States mail in advertising the contract in question or a similar contract, and had written letters with reference to such fraudulent schemes; but it is also alleged that the appellee was induced to purchase one of these fraudulent contracts, which is designated by the parties as an endless chain contract, upon the representation that it was a business of high order, that it had been tested by the court and found entirely legitimate, and that it could be advertised through the mails with safety and with the literature which he (the appellant) would furnish, and that appellee would be entirely safe in dealing with the contract, etc., that appellee was a young and inexperienced boy and unlettered, and that as soon as he found out the nature of the contract he refused to have anything further to do with it, and that he turned the contract over to the federal authorities. Appellant was indicted and pleaded guilty to the charge of using the United States mail in furtherance of his scheme to sell this and similar contracts. The jury found appellant had made the representations that the contract had been tested in the courts and found legitimate, etc.; that this representation was not true; and that the representations induced appellee to enter into the contract and execute the note sought to be canceled.

[4] The allegation, evidence, and findings of the jury are to the effect that the defendant was induced to enter into the contract upon the representations that the contract had been held to be a legal one by the courts and that the advertisement of the same could be made through the United States mail. The appellee did not seek in this case to be relieved because of the illegality of the contract, but on the ground that he had been induced to enter into the contract by fraudulent representations, that it was or had been held legal, etc. Having been so induced to enter into the contract by the statement of what purported to be a fact, which was afterwards ascertained to be false, we think that he should be relieved from such contract so entered into. U. S. Gypsum Co. v. Shields, 106 S. W. 724; South Texas Mortgage Co. v. Coe, 166 S. W. 419.

[5] Appellee did not agree to enter into an illegal contract for illegal purposes, but agreed to enter into a contract held legal by the courts and one the United States mail would not exclude. The appellant asserted that his contract was such; the assertion was not an opinion, but was the statement of a purported fact, which was afterwards

shown to be false. The appellee, so soon as he found out it was an illegal contract, abandoned it. The jury found he received nothing under it, and, while there is some apparent conflict in his evidence on that point, we find that there is sufficient evidence to support the finding of the jury. Under the allegation and the evidence, the appellee was not in pari delicto.

[6, 7] The twelfth assignment is not copied in the brief and will be considered waived. The bill of exceptions is not set out in the statement as required in the rules. We are, however, inclined to think the indictment and the plea of guilty thereunder in the federal court under the allegations made by appellee that the appellant had been indicted for sending this contract through the mails and advertising the same, and had pleaded guilty thereto, was admissible as evidence. Wisnieski v. Vanek, 5 Neb. (Unof.) 512, 99 N. W. 258; Meyers v. Dillon, 39 Or. 581, 65 Pac. 867, 66 Pac. 814. It was not conclusive evidence, but was subject to rebuttal.

We have reached the conclusion that the case should be affirmed.