MORRIS v. McSPADDEN et al. (No. 825.)*

(Court of Civil Appeals of Texas. Amarillo. Oct. 16, 1915. On Motion for Rehearing, Nov. 6, 1915.)

1. JUDGMENT ☞256—CONFORMITY TO SPECIAL FINDINGS—IMMATERIAL FINDINGS.

The issue found by the jury must or should respond to the issues presented by the pleadings, and, if they do not so respond, the issues so found should be regarded as immaterial, and not be considered in rendering the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

2. TRIAL ☞366—SPECIAL ISSUES—REQUESTS —EXCEPTIONS BAD IN PART.

Where five special issues were requested on one paper, and refused as a whole, and an exception taken to the refusal of all five, and three of such issues were given substantially as requested, an assignment complaining of the refusal of the other two would not be considered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 875–878; Dec. Dig. ☞366.]

3. TRIAL ☞366—SPECIAL ISSUES—REQUESTS —EXCEPTIONS BAD IN PART.

A general exception to the refusal to give special charges en masse will be overruled, where part of them were embraced in the main charge as given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 875–878; Dec. Dig. ☞366.]

On Motion for Rehearing.

4. JUDGMENT ☞256—SUIT FOR ACCOUNTING— CONFORMITY TO FINDINGS.

Where, in a suit for an accounting between partners, the jury found the expenses paid out, who paid them, and what each paid, the losses sustained, the amounts received by each partner, and that defendant had received $11,196.83⅓, which had not been accounted for, and further found that there was $6,820.98 belonging to the partnership that had not been divided by agreement of the parties, though it had not been specifically · pleaded that the partners had by agreement divided part of the funds, thereby requiring a division only of the remainder, the issue as to the amount not divided by agreement was immaterial, and the finding thereon could not defeat a verdict or recovery upon the amount found by a true accounting, and a judgment

against defendant for the amount due, as shown by the other findings, was not erroneous.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by W. A. McSpadden against R. A. Morris and another. From a judgment against defendant Morris, he appeals. Affirmed.

Lumpkin & Harrington, of Amarillo, and Cooper & Merrill, of Houston, for appellant. J. H. Synnott, of Dallas, and R. E. Underwood, of Amarillo, for appellees.

HUFF, C. J. W. A. McSpadden brought suit against R. A. Morris and Mike C. Le Master, alleging the existence of a partnership between the three parties in certain cattle transactions, and that certain profits were realized from their dealings, asking for an accounting, and to recover his proportional part of the partnership, which he alleges is one-third of the net profits. Le Master answered, denying under oath that he was one of the partners. R. A. Morris answered, admitting partnership between himself and McSpadden, alleging that he was to receive two-thirds and McSpadden one-third of the net profits, and also asking for an accounting. The case was tried before a jury and submitted upon special issues, which issues and answers thereto are as follows:

"First. Was the defendant Mike C. Le Master, a member of the partnership firm of Morris & McSpadden? Let your answer be 'Yes' or 'No.' Answer: No.

"Second. What were the gross receipts, or total in money, of the partnership of Morris & McSpadden, received from the sale of contracts and cattle? Let your answer be in figures of dollars and cents. Answer: Total gross receipts, $100,835.00. Total gross profits, $13,447.50.

"Third. What sum of money paid out and expended by each one of the partners, as expenses, on account of several lots or herds of cattle contracted for or not contracted for, for the firm? Answer: Morris, $1,135.66⅔. McSpadden, $210.00.

"Fourth. How much were the total commissions paid out for and on account of the cattle contracted for and sales made of same on account of the firm? Answer: Commissions, $382.50.

"Fifth. What were the losses, if any, incurred on account of cattle contracted for for the firm? Answer: $1,000.00.

"Seventh. What other sums, if any, were expended and paid out by each individual member of the firm for and on account of the firm business? Answer: $47.50 paid for steer, paid by Morris.

"Eighth. What amounts have been received by the individual partners, composing the firm of Morris & McSpadden, from the partnership fund? Answer: Morris, $12,332.50—$1,135.66⅔ =$11,196.83⅓. McSpadden $1,115.00.

"Ninth. Are there any cattle bought for the firm of Morris & McSpadden yet unsold that are likely to ever be realized upon? If so, how many and what is their probable value? Answer: No.

"Tenth. Are there any funds belonging to the partnership that have not been divided by agreement of the parties? If yes, what is the amount? Answer: Yes; $6,820.98.

"Eleventh. Was an accounting and settlement of said partnership intentionally delayed or refused by either of the partners? If yes, which one of them delayed the settlement? Answer: Yes; Morris.

"Twelfth. What was the earliest date that an accounting and settlement of said partnership could reasonably have been had between the interested parties? Answer: October, 1913.

"Thirteenth. How much, if any, of the funds received on account of the partnership has defendant Morris received and not accounted for to said joint business? Answer: $11,196.83⅓."

Both parties moved for a judgment on the findings. The trial court rendered judgment on McSpadden's motion, and on the findings of the jury, for the sum of $2,806.98, being the principal and interest against Morris. The facts and admissions are sufficient to warrant the court in finding that there was a partnership between Morris and McSpadden and that McSpadden was entitled to one-third and Morris two-thirds of the net profits.

[1] Appellant's first and second assignments are to the effect that the court erred in rendering judgment upon the special findings of the jury, and ignoring their findings as to special issue No. 10, because the judgment is in conflict and not based on said issue. We find no allegation that there was any division of partnership funds by agreement of the partners, and therefore the issue submitted by No. 10 was immaterial in considering the settlement of the partnership accounts. The finding of the jury that there were $6,820.98 on hand, which had theretofore been undivided by agreement, is doubtless unintelligible, for the reason that the jury took into consideration a division by agreement not pleaded, and deducted that amount from the fund found to be in Morris' hands belonging to the partnership. The issue found by the jury must or should respond to the issues presented by the pleadings, and, if they do not so respond, the issues so found should be regarded as immaterial, and should not be considered in rendering the judgment. Ætna Accident & Liability Co. v. White, 177 S. W. 162; Krenz v. Strohmeir, 177 S. W. 178. The other findings of the jury support the judgment of the court; in fact, there is no complaint made as to the other findings of the jury, or that the judgment of the court is not supported thereby, further than that it should have been rendered in accordance with the jury's finding on issue No. 10. Assignments Nos. 1 and 2 are therefore overruled.

[2, 3] The third and fourth assignments complain of the action of the court in refusing to submit special issues Nos. 3 and 4. These special issues were requested with three others, which were given by the court substantially as requested, and in fact the two issues assigned as not being submitted are substantially covered by other issues sub-

mitted by the court. The appellant's bill of exceptions shows that all five of these issues were requested on one paper and refused as a whole, and the exception taken to the action of the court in refusing to give all five of the issues. Where a general exception is taken to the refusal of the court to give special charges en masse, the exception will be overruled, where it appears part of them are embraced in the main charge of the court given to the jury. Hovey v. Sanders, 174 S. W. 1025. The appellees' exceptions to these assignments will be sustained. We believe, however, the main charge submitted the issues requested by special issues Nos. 3 and 4, and that they are so nearly substantially the same that no injury is shown, even if we considered the assignments.

The fifth and sixth assignments are overruled, for the reasons given in overruling the first and second assignments. We find no such error assigned as will require a reversal of the case.

Affirmed.

### On Motion for Rehearing.

As suggested by appellant, this suit was simply a case of accounting between partners. The issue thereby presented was the net profit in the business and a proper division of the same, and, to ascertain this, the losses sustained, the money paid out by each, and the amount each partner had in hand of the partnership funds were the issues included in the pleadings.

[4] The jury, by their findings, found the expenses paid out in the partnership, and who paid them, and what each paid. They found the losses that had been sustained in certain transactions, and the amount which was then on hand, and they found and answered to the thirteenth issue the amount that Morris then had on hand of the partnership funds, which he had not accounted for to the partnership. These findings clearly gave appellee a right to the amount of the judgment rendered. In an accounting, he should have paid, according to the findings of the jury, the amount of the judgment to appellee. If the partners had, by an agreement, divided part of the funds, which should not have been taken into an accounting, thereby requiring a division only of the remainder, after deducting the amount divided by agreement, this agreement should have been specifically pleaded, and in the absence of such a pleading it was not an issue for the jury, and should not have been submitted, and, as submitted, it was upon an immaterial issue, and the findings could not affect the true balance found upon a true accounting of the partnership affairs. Such findings upon an immaterial issue, when not in the case pleaded, ought not to defeat a verdict or a recovery upon the amount found by a true accounting. In the case of Kelley v.

Ward, 94 Tex. 289, 60 S. W. 311, the Supreme Court said:

"The finding of immaterial facts cannot be made ground for reversal, if the judgment is not in conflict with the findings upon material issues."

See, also, Railway Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561; Coons v. Lain, 168 S. W. 981.

The motion will be overruled.