## REPUBLIC PRODUCTION CO. v. COLLINS.
### No. 773.

Court of Civil Appeals of Texas. Eastland.
May 15, 1931.

Rehearing Denied July 3, 1931.

W. W. Moore, Jr., of Houston, and G. O. Bateman, of Dallas, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

RUSSELL, Special C. J.

This is the second appeal of this case. The opinion on the first appeal is to be found in 7 S.W.(2d) 187. There are three counts in the petition. The second and third were not submitted to the jury, and no request for such submission was made. They are therefore waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. Omitting formal parts and allegations as to damages, etc., the count which was submitted is as follows: "Plaintiff alleges that *he owned the surface right and freehold estate on a certain tract of land in Stephens County, Texas, commonly known as the Collins Homestead*, which he purchased in 1922; that thereafter in said year plaintiff and defendant made and entered into an agreement for the completion of a large tank situated on said premises, which had been previously begun and left unfinished by the owner of said land, whereby plaintiff was to furnish certain amount of labor and the defendant the remainder to complete said tank, and that, in consideration therefor, the plaintiff would and should have the right to use water free for his own use in his occupancy of said premises, and for irrigation purposes of land adjacent to said tank, *and that the defendant should and would have the right to use water from said tank for its use in drilling and operating oil and gas wells on its leases contiguous thereto, the same being known as the Know lease, but for no other purpose;* that said tank was completed by plaintiff and defendant and designated by them as a 'partnership tank', with the understanding and express agreement that plaintiff and defendant would have an equal interest or right in the use of the waters impounded in said tank for the respective and exclusive use, towit: the plaintiff the right to use water for domestic and irrigation purposes, and the defendant the right to use water for drilling and operating oil wells on the leases contiguous thereto, but for no other purpose;

that by reason of said agreement and the construction of said tank as aforesaid, plaintiff and defendant became and are jointly interested, each owning an one-half interest in, or right to use that amount of water for the limited purposes designated in said agreement, *but the surplus of said water to remain in said tank for the benefit of the freehold estate.*" (Italics ours.)

The undisputed testimony showed that the Republic Production Company had sold water from said tank to oil companies operating on contiguous territory to the "Knox lease," and received therefor the sum of $2,564.50, and had not accounted to the plaintiff for any part thereof. Upon the jury's answer to special issues, a judgment was entered in favor of the plaintiff for one-half of the above amount, less certain credits and expenses incurred in the sale of the water, etc. It is from this judgment the appeal is taken.

The opinion by this court on the former appeal is of little or no value in disposing of the points presented in this record. The instant case is fundamentally different in character from that one. In the light of the principles stated in this court's opinion on the former appeal, the plaintiff, Collins, necessarily perceived that on the first trial he misapprehended the legal effect of his facts, or the true cause of action reflected by them, and on the last trial he pleaded away from the character of case deemed by this court to have been shown by the former record. This the plaintiff had a right to do, and was evidently warranted in so doing by the facts of the case. The record on the former appeal presented a case wherein the litigants were alleged to be tenants in common in the equal ownership of the water in a surface tank, with the right to use the same under principles consistent therewith. The record on this appeal presents a case wherein the defendant oil company's right to the use of the water from the tank was, by the agreement alleged, restricted "*to use water therefrom for the limited purpose of drilling and operating its oil wells on the Knox lease,*" as found by the jury, in answer to special issue No. 1, and also confirmed by its answer to special issue No. 2. Such being the nature of the instant case, the plaintiff merely seeks to recover for water sold by the defendant to other operators on leases in no way connected with the Knox lease. This indicates the very clear theory upon which the plaintiff, Collins, sought to recover the value of the water alleged to have been converted by the defendant, the production company.

In brief, the suit itself involves merely the right to recover the value of surplus surface water collected in a surface tank on the Collins homestead or freehold; the tank having been constructed by the joint efforts of plaintiff and defendant, and the rights of the latter to water therefrom fixed by the specific terms of a special contract pleaded and proved, as aforesaid. Such contracts are common, and no reason can be perceived why the parties were not able to make the same as here alleged. As said in 40 Cyc. p. 751 (d), the grantor of a water right or power "may specifically restrict the uses for which the water may be employed, and when this is done it is an effective limitation upon the rights of the grantee. Such a limitation is established where the grant is expressed to be for the purpose of a particular kind of mill or factory, 'but for no other purpose whatever.' * * * There is no restriction as to the place where the water or power granted shall be employed or enjoyed, unless specified in the conveyance or contract. * * *"

There is no contention that Collins did not own the freehold upon which the tank was constructed, and therefore no question arises as to his ownership of this surface water as an original proposition. In that respect his rights conclusively appear as a matter of law. As between Collins, the owner of the freehold, and the oil company, the rule as to the ownership of this particular water, unaffected by the said special agreement, is stated in 27 R. C. L. p. 1138, § 69, as follows: "It is generally held that the owner of the soil has the absolute right to the surface water thereon, and he may, in the improvement of his lands, or for his own use, retain all such water. * * *"

The same rule is stated in 40 Cyc. p. 640, in this language: "A landowner has the right to collect and appropriate to his own use all surface water upon his property without liability to other owners upon whose property it would flow if not so appropriated."

Further, an examination of the testimony adduced by the defendant, and especially that of its superintendent, Murphy, discloses that the plaintiff's ownership of the water, save as affected by the agreement involved in this suit, was not and is not denied.

What has been here said preliminary to disposing of the appellant's specific assignments and propositions of error is all by the way of indicating our view that there is in this record no fundamental error calling for a reversal of the judgment of the trial court, nor does it appear that the plaintiff waived any issue involving the establishment of his ownership of the surface or said surplus water, if such issue could be involved and essential to his recovery herein. Further, the appellant has not suggested that the record presents any fundamental error in the judgment, and, discovering none ourselves, we recognize the theory upon which the case was tried and proceed to dispose of each of the propositions upon which this appeal is predicated.

The first proposition, to the effect that, since this court formerly held the parties

to be tenants in common, and entitled to one-half of the water in the tank for any purpose, the defendant was entitled to an instructed verdict in the absence of pleadings and proof that it used more than one-half the water from the tank. This proposition must be overruled, because, as previously noted, the pleadings and testimony in this case present a case fundamentally different to that appearing in the record on the former appeal. The principles governing the rights of tenants in common controlled in the disposition of that appeal, but different principles are to be applied under the circumstances of this case. This case is one in which the defendant's right to use the water from the tank was limited strictly to the Knox lease owned by it. Under the agreement alleged and established it was prohibited from selling water to other operators, and it is this water which the plaintiff claims was converted by the defendant, and for the value of which he sues. This distinguishes the instant case from the former one, as will be more fully shown in the disposition of proposition No. 10.

The appellant's second proposition, complaining that it was prejudiced by argument of plaintiff's counsel, to the effect that it was "stealing and hogging plaintiff's water," is overruled. The bill of exceptions discloses that the words were "*selling* and hogging," instead of "*stealing* and hogging." The remark was merely in line with the allegations of the petition which, if true, would indicate a very unjustifiable conversion of the plaintiff's water. Also the court sustained the defendant's objection, and instructed the jury not to consider the remark. Apparently no error was committed, and, if so, it was rendered harmless.

The third proposition is: "Special Issues Nos. 1 and 2 were multifarious, containing more than one material question, and each called for a finding of the jury upon two separate and distinct issues."

It is not believed that the issues contained the vice alleged. At least it is not so apparent as in the proposition under consideration. Certain matters are stated in each proposition about which there was no controversy. The only controverted issue in the first one was whether or not the defendant was restricted to the use of water from the tank on its "Knox lease," and in the second issue practically the same question was propounded, but in a little broader sense, in that, by that issue, the jury found that the plaintiff and the defendant were each limited to the use of the water "exclusively for their own use"; such use being fully and specifically defined in the pleadings and shown by the testimony.

In City of Abilene v. Moore, 12 S.W.(2d) 604 (4), this court, in disposing of a like prop-

osition under analogous facts, where the testimony on one phase of the issue was conclusive, held that the issue complained of was not duplicitous. This point will be further considered in disposing of proposition No. 10. Opinions in Sweetwater Prog. Mut. Life, etc., Ass'n v. Allison (Tex. Civ. App.) 22 S.W.(2d) 1107 (4), and W. F. R. & Ft. W. Ry. Co. v. Emberlin (Tex. Civ. App.) 274 S. W. 991, hold likewise.

It is asserted that the court erred in submitting special issue No. 3, as to whether the water in the tank was capable of partition in kind, since there were no pleadings or evidence to support the same, and since it was contrary to the judgment of this court on the former appeal. This issue was wholly immaterial and without any bearing upon the results of the case. Plaintiff's right to recover was not dependent upon whether the water in the tank was capable of partition. His suit was for conversion upon an entirely different theory. The fourth proposition is overruled.

The fifth proposition, to the effect that the plaintiff alleged himself entitled to share in the proceeds derived from the sale of water by his cotenant, without having alleged facts entitling him to so share, defendant's special exceptions to such pleadings, for that reason, should have been sustained. This proposition is without merit and apparently based upon a misconception of the character of the case prosecuted by the plaintiff who is suing for water converted, or water used by the appellant for purposes other than the development of the "Knox lease." This case was tried on amended pleadings, and the plaintiff could not be required to plead as in the first trial.

The sixth proposition complains that the defendant's special exception to plaintiff's pleadings relative to the amount of water the defendant permitted one Geske to use from the tank should have been sustained unless the plaintiff alleged that the defendant used more than one-half of the water. This contention is evidently due to a failure to recognize the fundamental difference between the case now on appeal and the one on the former appeal, but regardless of that matter it should be overruled, for the plaintiff did not seek to recover and did not recover any judgment based upon the amount of water used by Geske. There being no recovery based on this item, the error, if any, was harmless.

The seventh proposition is to the effect that, there being no evidence to support the finding of the jury that the plaintiff was prevented from irrigating because of the use of the water by the defendant, judgment should not have been rendered on said finding. The jury, in answer to the issue, found that the defendant's use of the water prevented the plaintiff

from irrigating his land in 1929, but no issues were submitted to the jury for the purpose of ascertaining the damages, if any, by reason of that fact. The answer of the jury to the issue in no way appropriated as a support for the judgment. If propounding this immaterial issue in any way prejudiced the rights of the defendant, it is not pointed out except in the proposition under consideration, and in accordance with that proposition the record discloses that no judgment was in fact "rendered on said finding."

■ By the eighth proposition complaint is made that the plaintiff's counsel, in his closing argument, made statements prejudicial to the rights of the defendant, in that the counsel stated that the defendant "did not have the right under its lease, as a matter of law, to sell water for use off the lease"; the gist of the complaint being that it constituted an improper attempt to instruct the jury as to the law. It does not clearly appear that any error was committed in the argument complained of, but, if we be mistaken in this, the facts and circumstances appearing in the record do not show that the argument was calculated to prejudice the rights of the complaining parties. Emberlin v. W. F. R. & Ft. W. Ry. Co. (Tex. Com. App.) 284 S.W. 539; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808.

Further, the court sustained the defendant's objection and instructed the jury not to consider the remarks of the plaintiff's counsel. The proposition is overruled.

The ninth proposition asserts error in that there was no evidence and no finding by the jury that the defendant used more than one-half the water in the tank. This proposition is based upon a false hypothesis to the effect that the instant suit is the same as that on former appeal. That not being the case, and the plaintiff not alleging that the defendant owned one-half of the water, and for reasons heretofore stated, the proposition is overruled.

■ By proposition 10 appellant contends that the answers of the jury to issues Nos. 1 and 2, respectively, are in conflict, and therefore destructive of each other, and furnish no basis for the judgment. By these issues the jury found that the plaintiff, Collins, and the defendant production company each had equal rights to the use of the water exclusively for the particular designated uses (issue 2 and answer), and that the production company's rights to such water were for use in "drilling and operating its oil wells on the Knox lease" (issue 1 and answer). In other words, these litigants had equal rights to the use of the water, limited to particular purposes. Had the necessities of Collins and the production company required that each have one-half of the water, each would have been entitled to that amount by virtue of their agreement. Had Collins' particular purpose required one-third of the water and the production company two-thirds for drilling and operating the "Knox lease," each, under the agreement, could have used such an amount, and vice versa. Upon the same principle, and in varying amounts, they each could have used the water under the agreement alleged and established, and that without conflict in rights. Their uses were limited and the term "exclusive use" found in issue 2 was defined and explained by the pleadings; the allegation in that respect being: "* * * The plaintiff the right to use water for domestic and irrigation purposes, and the defendant the right to use water for drilling and operating oil wells on the leases contiguous thereto, (Knox lease) but for no other purpose."

■ The findings of the jury in respect to issues 1 and 2, when construed in the light of the pleadings, both general and special, in this record, do not carry any suggestion of conflicts. These conclusions are predicated upon the law that "all the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper." Bank v. Rush (Tex. Com. App.) 246 S. W. 349, 353; Elder, Dempster & Co. v. Weld-Neville Co. (Tex. Com. App.) 231 S. W. 102.

■ And further, as stated in Graham v. Hines (Tex. Civ. App.) 240 S. W. 1015: "It is the court's duty to reconcile apparent conflicts in the answers on special issues if it can be reasonably done in the light of the pleadings and the evidence."

For authorities holding likewise, see T. & N. O. Ry. Co. v. Wagner (Tex. Civ. App.) 224 S. W. 377; St. L., S. F. & T. Ry. Co. v. Wilson (Tex. Civ. App.) 262 S. W. 1074, 1075; Texas Cent. Ry. Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561.

The proper application of these rules of law to the verdict before us, read in the light of the pleadings and the testimony, requires that this proposition be overruled. As heretofore indicated, this point, like others herein advanced, is predicated upon the proposition that the plaintiff pleaded a case as in the first trial, in which the litigants were alleged to own a one-half interest in the water. Such not being the case, such propositions are without merit.

■ The eleventh proposition pertains to an alleged error in the court's charge on the burden of proof. No objection was made to the charge before its submission to the jury by the court. The error, if any, was waived. 3 Tex. Jur. § 137, p. 202.

■ Clearly, under the pleadings and the verdict, such unused portion of the water as

remained in the tank and not necessary under the agreement for the purposes of Republic Production Company in "drilling and operating the oil wells on the Knox lease" belonged to the owner of the freehold, the plaintiff herein. The pleadings do not call for construction; there is no complaint that the court overruled any general demurrer to them. There are perhaps some immaterial matters alleged in the plaintiff's pleadings, but that can be said of most pleadings. In this case they are of no importance. The judgment has not been influenced by them, nor have the rights of the appellants been prejudiced thereby. To appropriate such in this case as a ground for reversing the judgment would be to employ technical rules of construction to effect the reversal of the judgment obtained under pleadings and procedure deemed to be in reasonable and substantial compliance with the law.

There are no cross-assignments attacking the judgment. Therefore, for the reasons assigned, each of appellant's propositions are overruled, and the judgment is affirmed. It is so ordered.

FUNDERBURK, J. (dissenting).

Plaintiff's petition contained three counts, each expressly alternative to the others. The verdict of the jury clearly identifies the first count as being that upon which recovery was awarded to plaintiff. The other counts therefore become unimportant except to aid in the interpretation of the first count. The third count may be disregarded as without any bearing, even on the question of construction. The second count, I think, is important in determining the nature of the cause or causes of action attempted to be alleged in the first count, and, if more than one, in identifying that upon which the judgment must depend for support. The theory upon which recovery was sought in the second count was that plaintiff, the landowner, constructed a tank on his own land, and by agreement, in consideration of the aid given him by defendant in doing so, the latter was given the right to a particular limited use of the water for a specified purpose. Under the allegations of this count clearly the water belonged to plaintiff, and, in order to show a cause of action for conversion, he only had to allege that the water had been diverted to a use different from that which, under the agreement, the defendant had the right to use it. Such cause of action was sufficiently pleaded, and the right of recovery thereon was wholly unaffected by the former decision of this court.

However, the judgment under attack is based upon allegations of one or more causes of action expressly alternative to, and therefore different from, that alleged in the second count. Allegations in the second count

can therefore afford no support whatever to the judgment.

What was that other and different theory of plaintiff's right to recover judgment attempted to be stated in the first count, and upon which, if any at all, the judgment must be supported? The allegations are so inconsistent, some with others, as to make the question difficult to answer. One thing certain is that a contract is alleged which is an entirely different agreement from that alleged in the second count. The alleged provisions of the agreement, omitting for the present the allegations in the nature of conclusions, as to its legal effect, are, in the language of the petition, as follows: " * * * Plaintiff and defendant made and entered into an agreement for the completion of a large tank, situated on said premises, (i. e. the Collins homestead) which had been previously begun and left unfinished by the owners of said land, whereby plaintiff was to furnish certain amount of labor and the defendant the remainder to complete said tank, in consideration therefor, the plaintiff would and should have the right to use water free for his own use in his occupancy of said premises, and for irrigation purposes of land adjacent to said tank, and that the defendant should, and would have the right to use water from, said tank for its use in drilling and operating oil and gas wells on its leases contiguous thereto, the same being known as the Knox lease, but for no other purpose; that said, tank was completed by plaintiff and defendant, and designated by them as a partnership tank, with the understanding and express agreement that plaintiff and defendant would have an equal interest or right in the use of the waters impounded in said tank for the respective and exclusive use, to-wit: the plaintiff the right to use water for domestic and irrigation purposes, and the defendant the right to use water for drilling and operating oil wells on the leases contiguous thereto, but for no other purpose."

By the contract as thus alleged, the parties fixed with reasonable certainty their respective rights to use the water from the tank, and provided as between each other the limitations upon such rights of user. Under this contract the only limitation on the rights of the plaintiff to use all of the water in the tank for domestic and irrigation purposes was the equal right of defendant to use water in drilling and operating oil and gas wells on the Knox lease. Conversely, the only limitation on the right of the defendant to use all of the water, if necessary, in drilling and operating oil and gas wells on the Knox lease, was the equal right of plaintiff to use water for domestic and irrigation purposes aforesaid. So long as neither party used more than one-half of the water for authorized purposes, the limitation on the re-

spective rights of user as a practical proposition was unimportant. If, however, plaintiff, for his authorized purposes, needed more than one-half the water, and defendant, for its authorized purposes at the same time, needed more than one-half the water, the equality of their respective rights would result in limiting the right of each to one-half of the water.

Upon this interpretation of the alleged agreement I am, I think, in accord with the majority opinion. But, if this be the correct construction of the contract alleged, then it is wholly unimportant that, in specifying the uses which plaintiff could make of the water, it was not stipulated that it was to be "for no other purpose"; while, in defining the uses which defendant was to make of the water, it was stipulated that it was to be "for no other purpose." The equality of their rights imposed that same restriction on each party, whether expressed or not. It was wholly immaterial that it was expressed as to the defendant and not expressed as to the plaintiff. Under the express terms of the contract plaintiff could no more have used the water for purposes other than domestic and irrigation purposes, so as thereby to interfere with the defendant's equal right of user, than the defendant could have used the water for purposes other than drilling and operating oil and gas wells on the Knox lease, so as to interfere with plaintiff's equal right of user. By pleading and proving the facts to show that any use of the water by either party for any purpose other than those specified would result in injury to the right of the complainant to make his or its authorized uses of the water would have enabled either party to prohibit the other from so using any of the water.

But, to my mind, it is clear, and in this again I am in accord with the majority opinion, as I understand it, that plaintiff, by the judgment in question has not been awarded a recovery to compensate him for any injury suffered as a consequence of a deprivation of, or interference with his right to use water for domestic or irrigation purposes. It is obviously true, as said in the majority opinion, that: "The jury, in answer to the issue, found that the defendant's use of the water prevented the plaintiff from irrigating his land in 1929, *but no issues were submitted to the jury for the purpose of ascertaining the damages, if any, by reason of that fact.*" (Italics mine.) The majority correctly, I think, have regarded the finding immaterial and that the judgment was in no way dependent upon it for support. In other words, if plaintiff had a cause of action, or attempted to allege one, for any interference with his contract right to use the water, which manifestly he may have had, and which some of his averments indicate he did attempt to al-

lege, it is certain that such was not the cause of action upon which he recovered judgment.

This brings us to a consideration of the important question: Upon what theory of plaintiff's rights and violation thereof by defendant does the judgment rest? Briefly stated, it is that plaintiff was sole owner of the water and the utmost extent of defendant's rights in reference to it was to use water for drilling and operating oil and gas wells on the Knox lease; that defendant, by the sale of the water, thereby converted it. Incidentally, it results that plaintiff, having a right of election, by claiming the proceeds of the sale, thereby condoned and ratified the conversion. This, as I see it, is identically the theory, in its essential nature, upon which recovery was sought in the second count of the pleading, which, as already said, was abandoned.

Since unquestionably the judgment must find its support, if at all, upon the allegations in the first count, let us examine same carefully to find the averments of fact, if any, to show that, as against the defendant, plaintiff was the sole owner of the water.

The inquiry should be made in the light of certain legal principles. One of the requirements of a pleading is consistency. This requirement is no restriction on the right to plead inconsistent grounds of recovery or of defense. Inconsistent facts must be pleaded in the alternative or in separate counts. "The rule requiring consistency, however, does apply to the different allegations in the same count. These must be harmonious and stand together." Townes' Texas Pleading, p. 425. See Hillebrant et al. v. Booth, 7 Tex. 501; Steinback v. City of Galveston (Tex. Civ. App.) 41 S. W. 822; Barry et al. v. Screwmen's Benev. Ass'n, 67 Tex. 250, 3 S. W. 261; Kynerd v. Security Nat. Bank et al. (Tex. Civ. App.) 207 S. W. 133; Rowe v. Horton et al., 65 Tex. 89.

If, by application of rules of construction, apparently contradictory allegations can be reconciled, it should be done. In so ascertaining the true meaning of the allegations, however, the further rule must not be lost sight of that specific allegations in a pleading, when ambiguous, are to be construed most strongly against the pleader. Wall v. Royal Ind. Co. (Tex. Civ. App.) 299 S. W. 319; W. U. Tel. Co. v. Henry, 87 Tex. 165, 27 S. W. 63; Webb County v. Board of Trustees, 95 Tex. 131, 65 S. W. 878; Snipes et al. v. Bomar Cotton Oil Co., 106 Tex. 181, 161 S. W. 1; Meador v. Rudolph (Tex. Civ. App.) 218 S. W. 520; Celli v. Sanderson (Tex. Civ. App.) 207 S. W. 179; Gillis et al. v. Rosenheimer et al., 64 Tex. 243; Ft. Worth v. First Baptist Church (Tex. Civ. App.) 268 S. W. 1016; Baker v. Galbreath (Tex. Civ. App.) 211 S. W. 626; S. A. Fire Fighters v. Bell (Tex. Civ. App.) 223 S. W. 506; Broussard v. May-

umi (Tex. Civ. App.) 144 S. W. 320, 321; Hill v. Allison, 51 Tex. 390; Mueller v. Simon (Tex. Civ. App.) 183 S. W. 63.

By so construing specific allegations, every reasonable intendment arising upon the pleading must be in favor of its sufficiency as against a general demurrer. Rule 17, 142 S. W. xviii. And so also, I think, as against a contention that the pleading is insufficient to support the judgment.

The contract alleged, and which the jury found to have been made, while it would have been very material had the judgment awarded a recovery for some wrong done in violation of plaintiff's rights under the contract, is, in considering the basis of the judgment actually rendered, only important as evidence to show that, if defendant had any right to sell the water, such right was not one given to it by the terms of the contract itself. The contract did not deal with ownership of the water as any part of its subject-matter. So far as the rights of the parties were created by, and dependent upon, the contract, it was wholly immaterial whether the water was owned solely by the plaintiff or by the defendant, or by them jointly as tenants in common. Whoever owned the water, such rights of ownership were subject to the equal rights of user of both parties as provided in the contract. If the defendant required all of the water and plaintiff none, then by the contract defendant had the right to use all of it for the authorized purposes, even though the ownership of the water may have been exclusively in either party or in both of them jointly. The ownership of the water was simply burdened with the contract, which, as said before, did not, at least expressly, deal with the subject of ownership. This is true, unless the plaintiff is to be understood as having attempted to allege that it was one of the provisions of the contract that the surplus water (i. e., the part not used by either plaintiff or defendant for the authorized purposes) was "to remain in said tank for the benefit of the freehold estate." There was, in substance, such an allegation, but I think clearly it should be construed, not as an allegation that such was one of the stipulations of the contract, but merely the statement of a conclusion of the pleader as to the legal effect of the contract. This construction is required for several reasons. In the first place, it is not directly alleged that the contract contained such provision. In other words, on its face it appears to be the statement of the legal effect of the provisions alleged. Again, it is significant that the jury were not asked to find the existence of a contract containing such a provision, an indispensable requisite if any judgment was to be based upon such contract. An examination of the statement of facts discloses that there was not a scintilla of evidence by either party that the agreement included any such stipulation. There exists no one of at least two essentials to support the judgment on such a theory; namely, no evidence, no verdict. So, if the validity of the judgment is dependent upon the fact that plaintiff was owner of the surplus water only because the contract in effect so provided, then the judgment is fundamentally erroneous because there is no verdict to support it.

But I take it that it is not even contended that plaintiff's exclusive ownership of the water was by virtue of the contract, but on the contrary that it exists independently of the contract. The majority opinion recognizes this, and holds, as I understand it, that such exclusive ownership in plaintiff arises solely as an inference, or implication, from the fact that the water was impounded on plaintiff's land.

I cannot concur in the view that such exclusive ownership in plaintiff is either a necessary or reasonable inference from the fact alone that the water was impounded on plaintiff's land. Surface or flood water, thus artificially impounded, is I think to be considered as personal property. Plaintiff so treats it in suing for the proceeds of the sale thereof rather than for damages for injury to the freehold. We so regarded it in the former opinion in holding that, it being capable of measurement in kind, and plaintiff being a tenant in common with defendant, could not recover in the absence of a showing that defendant had sold more than its share of the water.

As already said, I do agree that, if plaintiff, by his individual effort had impounded the water, thus reducing it to his possession, he would be the owner. If defendant was merely his "hired hand," assisting him to do so, the water would nevertheless have belonged to plaintiff. But plaintiff in his pleadings, which alone must constitute the support of his judgment, alleged, not that he, but that he and the defendant, by their joint and combined effort, impounded the water; that a part of the agreement under which this joint enterprise was carried out was that the tank was to be called a "partnership tank." Had the defendant, with the knowledge and consent of plaintiff, but without any other agreement, alone constructed the dam and sold water, plaintiff would have had no cause of action for the proceeds of sale, at least without allegations and proof of facts to rebut the presumption of an implied license. Suppose defendant, with simple consent of plaintiff, had installed a fish trap on plaintiff's land and caught and sold fish. Could plaintiff, without revoking the license, recover the proceeds of such sale or any part thereof, without showing some other title or right than the fact that the trap was on his land? I do not think so. The cases, it seems to me, are governed by the same principle. Plaintiff pleaded sufficient facts to rebut any presump-

tion of his exclusive ownership of the water. There are allegations in the pleading which necessarily imply, as to the surplus water, which alone is involved, that the defendant had a "share" therein. For example: "Plaintiff has made repeated demand upon defendant for an accounting to him of his *interest in the money collected* by defendant, but defendant has refused and still refuses to pay plaintiff, to plaintiff's damage in the sum of *one-half of the total proceeds.* \* \* \* That defendant used more than *his share* of said water." That defendant "took from said tank more than *his just share* of said water. \* \* \* *That plaintiff and defendant were tenants in common in their respective rights to the use of said water;* that said water in said tank, *less the amount necessary for the respective uses of plaintiff and defendant* (note: thus identifying water which was surplus water, and therefore not necessary to the preservation of the respective rights of user provided in the contract) was not capable of partition or division in kind \* \* \* and plaintiff is entitled to *his share of the proceeds* of the sale of *said water* (i. e. surplus water) received by his *co-tenant or joint owner* in the right to use said water for said limited purposes, which plaintiff alleges to be not less than *one-half* of the sum of $3,000.00." Plaintiff prayed under this count "for an accounting *for his part or interest in the amount collected by defendant from the sale of water from said tank.*" (Italics ours.)

To me the conclusion is irresistible that plaintiff assumed that, by simply alleging that the water was not capable of partition or division in kind, he thereby changed a law question into a fact question, and avoided the effect of the former decision of this court. Allegations that plaintiff and defendant were tenants in common in the use of the surplus water cannot be controlled and their effect avoided by tacking on the meaningless clause, "in the right to use said water for said limited purposes." By the alleged provisions of the contract plaintiff was not and could not be a tenant in common with defendant in the water which the contract gave the defendant the exclusive right to use on the Knox lease. Neither was the defendant, nor could he be, a tenant in common with plaintiff as to the water used by plaintiff for domestic and irrigation purposes. Such an idea involves a manifest contradiction of terms. The only subject-matter to which such allegations can be applied is the surplus water, the proceeds of the sale of which plaintiff recovered by the judgment in question.

The record affirmatively discloses that the most material issues necessary to be established in plaintiff's favor, in order to justify the judgment, were not submitted to or found by the jury. One such issue was that of plaintiff's exclusive ownership of the water which was sold. If there was any evidence whatever that plaintiff was such exclusive owner, it was certainly not conclusive of the fact. No other issue was submitted or found that was not just as consistent with defendant's ownership of the water as of plaintiff's, or of their joint ownership as tenants in common. The issue therefore cannot be supported by any presumption that it was found in plaintiff's favor.

In my opinion, essentially the same case is presented as upon the former appeal. The only difference is that by amendment plaintiff struck out some of his express allegations that the parties were tenants in common in the ownership of the water, and left or added allegations which, if they do not also affirmatively show such fact, nevertheless do so by reasonable inference. There was therefore no basis in the pleading for the judgment, nor was there in the evidence.

It is therefore my opinion that the judgment of the trial court should be reversed, and the cause again remanded.