RUTH et al. v. COBE.

(Court of Civil Appeals of Texas. El Paso. March 19, 1914. Rehearing Denied April 16, 1914.)

1. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL.

Where assignments of error contained in the brief were not true copies of the corresponding paragraphs of the motion for a new trial, which by Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136, constitute the assignments of error, they will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

2. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error, which fails to point out the particular action of the court of which complaint is made, consisting merely of a statement of what it is contended is shown by the evidence, is insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

3. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

Where a verdict was returned on a peremptory instruction, the propriety of the court's action is a question of fundamental error, which will be reviewed without an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

4. BILLS AND NOTES (§ 497*)—TRANSFER—DEFENSES.

Where plaintiff sued on notes for the price of land, alleged to have been transferred to him by the vendor before maturity, defendants having pleaded fraud and want of consideration, the burden was on plaintiff to prove in rebuttal that he was a bona fide purchaser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

5. BILLS AND NOTES (§ 333*) — TRANSFER — BONA FIDE PURCHASER.

S., having contracted to sell land to defendants, conveyed the land to plaintiff, who thereafter reconveyed the same to enable him to carry out his contract with defendants, S. agreeing to transfer to plaintiff the notes to be executed by defendants for the unpaid portion of the price, which he subsequently did. Held, that S., in taking a reconveyance and selling the land, acted as plaintiff's agent, and that plaintiff was therefore not a bona fide purchaser of the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 806–811; Dec. Dig. § 333.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action by Ira M. Cobe against Elizabeth Ruth and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Ben Palmer, Hudson & Canon, and J. W. Parker, all of Pecos, for appellants. Ross & Hubbard, of Pecos, for appellee.

HIGGINS, J. Cobe brought suit against appellants upon certain promissory notes secured by lien upon realty, and upon trial

---

before a jury a peremptory instruction was given in his favor, in response to which verdict was so returned and judgment thereon rendered.

[1] The first three assignments, as copied in brief, are not true copies of the corresponding paragraphs of motion for new trial which, under provisions of article 1612, Rev. Stat. 1911, as amended by chapter 136, p. 276, Acts of 1913, Regular Session, constitute the assignments of error. Those appearing in the brief constitute rewritten and reconstructed assignments, and such practice cannot be permitted.

In this connection we reaffirm what was said by this court, commenting upon a similar condition of the record, in Fessinger v. El Paso Times Co., 154 S. W. 1171, as follows: "The rules contemplate that the assignments as copied in the brief shall be true copies of the original assignments, and there is no excuse for making changes therein; upon the slightest reflection it will be obvious that the practice of making changes in the original assignment upon incorporation in the briefs should not be countenanced. We expressly disclaim any reflection upon the motives of counsel in the instant case in this connection; but, adhering to a practice which this court has adopted, and which is deemed salutary, we decline to consider these assignments."

And in Mt. Franklin, etc., v. May, 150 S. W. 756, viz.: "With reference to the changes in the assignment as copied in the brief, and as it appears in the record, we will not pause to inquire whether or not the changes are material. The rules contemplate that the assignment shall be correctly copied, and there is no excuse for changes to be made. Where it is apparent that the difference is due to some typographical error, we do not think that the court should decline to consider it, but it is only in such a case that we think it proper for the court to consider an assignment which has been incorrectly copied in the brief."

And in Biggs v. Miller, 147 S. W. 632, viz.: "Of assignments 1 to 10, the eighth and tenth are not correctly copied. Our rules provide that assignments of error must be copied into the brief, and this, of course, necessarily implies that they shall be correctly copied. For the reason stated, the said assignments will not be considered." See, also, Horseman v. Coleman County, 57 S. W. 304; Martin v. Bank, 102 S. W. 131; Alexander v. Bowers, 79 S. W. 342; Railway Company v. Adams, 55 Tex. Civ. App. 245, 118 S. W. 1155; Bowers v. Goats, 146 S. W. 1013.

The impropriety of countenancing the practice of making changes in the original assignments is readily apparent, as was noted in Fessinger v. El Paso Times Company, supra, and the rule adopted by this court relative to this matter will be adhered to.

The high character of appellant's counsel forbids the suspicion that any improper motive controlled the changes here made, and it seems that no change of a substantial nature was made, but this affords no sufficient ground in the opinion of this court to warrant a departure from the rule heretofore followed.

[2, 3] The fourth assignment, as it appears in the record, is insufficient in that it fails to point out any particular action of the court of which complaint is made. It consists merely of a statement of what it is contended is shown by the evidence. Its generality renders it insufficient. For the reasons indicated, the assignments cannot be considered, but since the verdict was returned upon a peremptory instruction given by the court, the propriety of its action in this respect will be passed upon without the necessity of an assignment under the rule of practice applied in Railway Company v. Kinkel, 158 S. W. 214, and Irving v. Railway Company, 164 S. W. 910, recently decided by this court.

[4] Plaintiff, Cobe, averred that on July 28, 1909, Chas. W. Swenson, Jr., entered into a written agreement with defendants Ruth for sale of certain realty, the price and terms of payment being likewise averred; that in August, 1910, said Swenson, in compliance with such contract, conveyed the premises to defendant Elizabeth Ruth, who, in part payment therefor, executed the notes sued upon, payable to Swenson's order; that prior to August, 1910, Swenson had conveyed the land to plaintiff, Cobe, and that plaintiff reconveyed the same to Swenson, to enable him to carry out his contract with defendants, in consideration whereof Swenson had agreed to indorse and deliver to plaintiff the notes to be executed by defendants; that thereafter Swenson, for the consideration stated, transferred and delivered said notes to plaintiff before their maturity; that said notes were secured by vendor's lien upon said premises, retained in the deed of conveyance. The additional allegations in the usual form were made, showing the maturity of the notes, the accrual of the attorney's fees provided for therein, and concluded with prayer for recovery of principal, interest, and attorney's fees due upon notes with foreclosure of lien. Defendants answered, alleging false and fraudulent representations made to them by Swenson, and fraud practiced, inducing them to purchase said premises, paying part cash and executing the notes sued upon to cover the balance of the purchase money, and prayed for a rescission of the contract, cancellation of the notes, and recovery of the cash payment. As a bar to the notes sued upon, the answer in effect constituted a plea of failure of consideration, based upon alleged false and fraudulent representations. It was agreed by the parties that the introduction in evi-

dence of the notes sued upon and deed of conveyance should constitute a prima facie case for plaintiff. Whereupon plaintiff offered the same in evidence, and rested his case. Defendants introduced without objection evidence showing false and fraudulent representations to have been made and fraud practiced by Swenson in sale of the land, and procuring of notes sufficient to raise an issue as to failure of consideration in part, at least, of notes sued upon. Plaintiff offered no rebuttal evidence. Defendants having offered evidence tending to establish the allegations noted, a prima facie defense, or at least issue in respect thereto, was raised. Fraud practiced in procuring the notes, and failure of consideration in whole or part, constituted a good defense. It would be available though they had passed into the hands of Cobe, unless he had acquired the same before maturity, for a valuable consideration, and without notice of facts impeaching their validity as between the original parties. This was affirmative matter which must have been pleaded and proven by him in order to authorize a recovery upon his status as such. There is neither plea nor proof that he acquired the notes without notice, and without such he cannot recover upon such a theory. Therefore the defensive issue raised by defendant's plea and evidence should have been submitted to the jury.

Appellee seems to rely upon the agreement of defendant's counsel that the introduction of the notes and deed should prove a prima facie case. As to this it may first be remarked that the bona fide nature of Cobe's ownership was no part of a prima facie case, and did not become a pertinent issue until evidence had been offered impeaching the validity of the notes as between the original parties. The agreement did not cover matters in confession and avoidance of the defensive issue, but the prima facie case made by the petition only. Even if the agreement had extended to all the allegations contained in the petition, it would not reach this phase of the case, because there is no allegation that Cobe acquired the notes in good faith without notice. Furthermore, the burden did not rest upon defendants to affect Cobe with notice of the original vice in the paper, as is assumed by appellee. Upon the contrary, his status as a bona fide purchaser was matter in confession and avoidance which it was incumbent upon him to plead and prove. It is true he might have anticipated defensive matter to which it would apply, and pleaded it in his original petition rather than by supplement, but an allegation of this nature is lacking, and proof as well. Upon no possible theory could it be contended that the agreement with respect to a prima facie case would extend to allegations not made.

[5] For reasons indicated the cause must be reversed and remanded, and, in view of a new trial, it should be said that, under the facts pleaded by Cobe, it appears that he is not an innocent purchaser. It seems that Swenson contracted to convey to the Ruths, but prior to carrying out his contract he conveyed to Cobe. Whether Cobe purchased without or with notice of the contract to convey to the Ruths is not apparent, but is of no consequence in either event. Cobe recognized and acquiesced in same, and reconveyed the land to Swenson, who in turn was to convey, and did convey, to the Ruths, received the purchase-money notes, and turned them over to Cobe as the real owner thereof. It is plainly apparent that Swenson acted in this matter as the agent of Cobe, and as an intermediary merely to pass title from Cobe, the then owner, to the Ruths, the purchasers. Cobe was the real vendor, and the equitable owner of the notes from the very instant of their execution and delivery. He was not a purchaser thereof, but the owner from their inception. Being an original party, all defenses could be urged against him which affected the validity of the same. That he was the real grantor is plainly apparent, and this fact is not in any wise altered by the circumstance that he was conveying in pursuance of a contract to convey, made by a former owner, which he saw fit to recognize and carry out; and, if he would avail himself of the benefits of that contract, he must likewise assume and bear the burdens incident thereto. It matters not whether he had any notice of the fraud and deception practiced by Swenson. He, the owner of the land, conveyed in pursuance of Swenson's contract, originating in and procured by fraud, and certainly all defenses would be available against enforcing payment of the purchase-money notes which were based upon that fraud. It seems that the cash payment was received by Swenson when the contract between the parties was originally made. At that time Cobe had no apparent connection with the transaction. Therefore nothing said in this opinion is to be construed as an intimation that Cobe would be liable on defendant's cross-action for recovery of such cash payment, unless it should appear that he received the same, or was otherwise such a beneficiary in respect thereto, or so connected with the original contract of sale, as to render him liable for the cash payment so made to Swenson.

Reversed and remanded.