NORTON et al. v. LEA et al.   (No. 5264.)

(Court of Civil Appeals of Texas. Austin. Oct. 21, 1914.)

1. APPEAL AND ERROR (§ 759*)—ASSIGNMENT OF ERROR—BRIEF.

An assignment of error not correctly copied in the brief will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 544*)—ASSIGNMENTS OF ERROR—BILL OF EXCEPTIONS.

Assignments of error complaining of rulings of the court to which there is no bill of exceptions in the record will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

3. MORTGAGES (§ 226*)—DEED AS MORTGAGE—BREACH OF CONTRACT—ISSUES—EVIDENCE OF VALUE.

Where, in an action for the proceeds of land deeded to defendant as security for a debt, and sold by defendant to a bona fide purchaser, the measure of plaintiff's damages was the consideration received by defendant when he sold the land, less the debt secured, with interest, evidence that the purchaser obtained a loan in a certain amount on the land was properly excluded as immaterial.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 457, 611–617; Dec. Dig. § 226.*]

4. MORTGAGES (§ 37*)—DEED AS MORTGAGE—EVIDENCE.

In an action by the grantor in a deed given as security to recover the proceeds received by the grantee from a sale of the land, less the debt, evidence that the value of the land at the time of the execution of the deed greatly exceeded the amount defendant claimed to have paid for it was admissible on the issue whether it was intended as a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 97–107; Dec. Dig. § 37.*]

5. EVIDENCE (§ 113*)—COMPETENCY—VALUE OF LAND.

Evidence as to the value of land in 1902 was admissible on the question of its value in 1905, where the witness testified that he was acquainted with the value from 1902 to 1905, and that there was no material change during such time.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

---

6. WITNESSES (§ 240*)—EXAMINATION—LEAD-, ING QUESTION—DISCRETION.

An objection that a question is leading is addressed to the trial court's discretion.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

7. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—EVIDENCE.

The admission of immaterial testimony of defendant as to his statement to one plaintiff was harmless, where the same fact otherwise appeared in the record from a letter written by such plaintiff, and was not controverted by other testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

8. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

Any error in an instruction on the measure of damages in the event that plaintiffs recovered was harmless, where the verdict was for defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

9. MORTGAGES (§ 226*)—DEED AS MORTGAGE —BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where a deed is executed as security for a debt under an agreement that the grantee shall have the revenues from the land until it is sold, in lieu of interest, and that he shall sell and account to the grantors for the proceeds in excess of the debt, and where the grantee refuses to account for an excess for which the land is sold, the measure of the grantors' damages, in the absence of fraud in the sale, is the consideration received by him, less the debt secured, with interest on the excess.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 457, 611–617; Dec. Dig. § 226.*]

10. EVIDENCE (§ 383*)—RECITALS OF CONSIDERATION—EFFECT.

In a grantor's action for the value of land conveyed as security for a debt and sold by the grantee, recitals of consideration in the deeds executed by the grantee, though admissible as a circumstance to show the value of the land, were not conclusive.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. § 383.*]

11. VENDOR AND PURCHASER (§ 239*)—BONA FIDE PURCHASERS — RIGHTS OF FORMER GRANTORS—FRAUD.

That one grantor was induced to execute the deed by representations of his son and cograntor, to whom he intrusted the transaction, that he had a verbal understanding that the deed, though absolute on its face, was intended as a mortgage, was not ground for avoiding the deed as against one who purchased from the grantee without knowledge of such representations, where the only fraud practiced, if any, was by the son.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. § 239.*]

12. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE —LACHES.

Where the evidence did not raise the issues of laches and stale demand, it was error to instruct that plaintiffs had only a reasonable time in which to assert their claim, and that in determining what was a reasonable time the jury should consider all the circumstances of the case, though such issues were presented by the defendants' pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

13. MORTGAGES (§ 37*) — DEED GIVEN AS MORTGAGE—EVIDENCE OF PRIOR AGREEMENT —PROBATIVE EFFECT.

In an action by grantors in a deed given as security for the proceeds of a resale of the land by the grantee, less the debt, evidence of an agreement made between one grantor and the grantee before execution of the security deed was admissible as a circumstance to prove that the deed was executed in accordance therewith, but was not conclusive evidence thereof.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 97–107; Dec. Dig. § 37.*]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by Lora Norton and others against P. J. Lea and others. From judgment for defendants, plaintiffs appeal. Reversed and remanded for new trial.

W. W. Ballew and R. S. Neblett, both of Corsicana, and F. A. Woods, of Franklin, for appellants. Rice & Davis and Richard Mays, all of Corsicana, for appellees.

## Findings of Fact.

JENKINS, J. In 1902 F. W. Norton and his son, W. H. Norton, purchased 900 acres of land in Robertson county, a large portion of which was in cultivation, for $16,000, $11,200 of which they borrowed from appellee, due January 1, 1906, with interest at the rate of 10 per cent. per annum, payable annually, to secure which they executed a deed of trust on said land. On March 19, 1903, they borrowed from appellee an additional sum of $1,518.85, due January 1, 1904, to secure which they executed a chattel mortgage on the teams and implements on said farm. W. H. Norton took charge of the farm and ran it during the years 1903 and 1904, but, on account of the boll weevil, did not make anything, and was not able to meet the interest on the indebtedness, nor the principal on the $1,518.85 debt. On January 1, 1905, the Nortons executed what appeared upon its face to be a deed to said land for the recited consideration of $10,000 cash, and the cancellation and delivery of said two notes, amounting in the aggregate to $12,718.65, exclusive of interest. In fact, no cash consideration was paid for the execution of said deed, but said notes were surrendered. The indebtedness of the Nortons to appellee at that time was $13,500. This transaction was consummated on the part of appellee by B. L. Davis, of the firm of Rice & Davis, attorneys at law at Corsicana, Tex., where the Nortons lived. W. H. Norton was the active agent in this transaction on behalf of himself and father, who knew nothing about the transaction, except what his son told him. On January 10, 1905, W. H. Norton, for the recited consideration of $1, executed a bill of sale to appellee for all of the teams, implements, and feed on said farm. Appellee ran the farm until February 25, 1909, when he sold the same to B. L. Herring for the recited consideration of

$50,000. The true consideration received by appellee from Herring was 8 sections of land in Crane county, Tex., vendor's lien notes on 4 other sections in Crane county for $17,920, for which he subsequently accepted a deed to said land, making in all 12 sections of land, and Herring's note for $7,320. There was no testimony introduced as to the value of the Crane county lands, except that of appellee, who testified that they were worth not exceeding $2 per acre. W. H. Norton died March 20, 1908. Lora Norton was his widow, who, pending this suit, married W. H. White, one of the appellants. The other appellants are the children of W. H. Norton, deceased, and his wife, Lora Norton.

### Issues Raised by the Pleadings.

Appellants alleged that the deed from the Nortons to appellee was executed in trust under the following circumstances and for the following purposes, to wit: That appellee should take charge of the farm, teams, implements, etc., and cultivate and manage the same as he saw proper, and was to have all of the rents and revenues from the same in lieu of the interest on $13,500 owing appellee by the Nortons; that he was to put the farm in first-class condition, and afterwards to sell the same and pay over to the Nortons the amount received therefor, less said sum of $13,500; that appellee sold said land February 25, 1909, to B. L. Herring, and, in fact, received land and money for said land of the aggregate value of $55,960, and refused to account to appellees for any portion thereof; that the present value of the 900-acre tract of land is $100,000. They pray for the recovery of the present value of the land, less their indebtedness to appellee of $13,500, and in the alternative for the amount received by appellee, less said indebtedness.

The defendant Herring alleged that he was an innocent purchaser for value. The undisputed evidence showed this to be true. The court so charged the jury, who returned their verdict accordingly, and as to this there is no complaint on the part of appellants.

The appellee pleaded a general denial, and alleged that the Nortons, being unable to pay their indebtedness due to him, in September, 1904, requested an extension until January 1, 1905, to give them an opportunity to sell the farm, if they could, for more than their indebtedness to appellee, and if they failed to do so by January 1, 1905, they would deed the land and execute a bill of sale to appellee for the personal property in satisfaction of such indebtedness; that, having failed to make such sale, they executed the deed and bill of sale in accordance with said agreement, and delivered possession of said land and personal property to appellee, without any agreement, promise, or understanding other than that said deed and bill of sale vested absolute title in appellee; that said notes were surrendered and said debts can-

celed; and that this was the sole consideration for the execution of said deed and bill of sale. Appellee also pleaded the two and four year statutes of limitation, laches, and stale demand.

The jury returned a general verdict in favor of appellee, and judgment was entered in accordance therewith.

### Opinion.

[1, 2] Appellants' assignments of error from 1 to 9, inclusive, relate to the admissibility of evidence. The second assignment is waived. Appellee objects to the consideration of the first assignment, for the reason that the same is not correctly copied in appellants' brief, and to the fourth and seventh assignments, for the reason that no bill of exception as to the action of the court on the matters complained of appears in the record. These objections are sustained. Appellee objects to the consideration of the remainder of said assignments for the reason that they are not briefed in accordance with the rules. Should we strictly enforce the rules, all of these exceptions would be sustained, but we have considered said exceptions, and find them without merit.

[3] The third assignment is that the court erred in sustaining the objection to the testimony that Herring obtained a $12,000 loan on the 900-acre tract in 1909, offered as a circumstance to show the value of said tract at that time. The value of that tract in 1909 was not a material issue, for the reasons set forth in a subsequent portion of this opinion. For the same reason the objection to the admission of the testimony of the witness Brown, complained of in the fifth assignment, was harmless error.

[4] Testimony as to the value of the land in 1905 was admitted without objection, and correctly so, in that, if it could be shown that its value at that time was greatly in excess of what the appellee alleged that he paid for it, it would tend to support appellants' allegation that the deed from the Nortons to appellee was intended as a mortgage.

[5-7] The sixth assignment complains of the admission of the testimony of A. S. Lane as to the value of the land in 1902. This was not error, inasmuch as Lane testified that he was acquainted with the value from 1902 to 1905, and that there was no material change in such value during that time; the change being that its value was about $2 per acre less on January 1, 1905 than it was in 1902. The objection stated in the eighth assignment is that the question was leading. This was a matter in the discretion of the court, and the explanation of the judge to this bill shows that he did not abuse his discretion in this regard. The testimony of appellee as to his statement to Mrs. Norton was immaterial, but harmless; and, besides, the fact stated otherwise appeared in the record from a letter written by

Mrs. Norton, and was not controverted by any other testimony in the record.

[8] The eleventh assignment of error is as follows:

"If your verdict is for the plaintiffs, you will find for them in such sum as would be the difference between the amount of indebtedness due by the Nortons to Lea January 2, 1905, and the reasonable market value of the proceeds received by the said Lea by the sale of the land to Herring on February 25, 1905, and the sale value of the personal property conveyed to the said Lea, and by said Lea sold, together with 6 per cent. interest on said amount and the difference from February 25, 1909, the date of the sale to said Herring to the present time."

Appellants' proposition under this assignment is as follows:

"The charge of the court complained of under the eleventh assignment of error was erroneous in this: That it did not submit the correct issue made by the pleadings and the evidence."

We are at a loss to know what, in appellants' opinion, was the correct measure of damages, inasmuch as they did not ask a special charge on this issue, and do not plainly state in their brief what they contend was the correct measure of damages. Even had the charge been erroneous in this regard, it would not be cause for reversal, inasmuch as the jury were instructed to find the amount of damages only in the event they found for the plaintiffs. They did not so find; hence they never reached the consideration of the amount that appellees were entitled to recover. But in view of another trial of this case, we will here state our views as to the proper measure of damages as to the 900-acre tract of land.

[9] Appellants allege, in substance, that the deed to said land was intended as security for a debt ·of $13,500, owing by the Nortons to appellee; that appellee was to have the revenues arising from said land until the same was sold, in lieu of the interest on said debt, and that appellee was to put the farm in first-class condition, and sell the same and account to the Nortons for the proceeds of such sale in excess of such indebtedness; that appellee had sold said land for an amount in excess of such·indebtedness, and had refused to account for such excess.

Appellants alleged that the present value of the 900-acre tract was $100,000, and prayed for said amount, less the indebtedness. This was not the measure of their damages. It is true that it was held in Boothe v. Fiest, 80 Tex. 145, 15 S. W. 799, and affirmed in Mixon v. Miles, 92 Tex. 318, 47 S. W. 967, that, where a trustee sold the land to an innocent purchaser in violation of his trust, the cestui que trust could recover the value of the land at the time of the trial, less the indebtedness. Such we understand to be the law, under the facts of those cases. The allegations in Boothe v. Fiest were that the deed to Boothe was intended as a mortgage, and that he sold the land in violation of such trust. The court said:

"If the deed made by the plaintiffs was intended to take effect only as a mortgage, his sale of the land without the consent of the plaintiffs was *a fraud upon their rights.*" (Italics ours).

The allegations were the same in Mixon v. Miles. In Oliver v. Piatt, 3 How. 401, 11 L. Ed. 653, in commenting on the proposition that the cestui que trust, where the mortgaged property has been unlawfully sold, may at his option recover the proceeds of the sale, or hold the trustee personally liable, the court said:

"The option, in such case, * * * is * * * given to the cestui que trust for the wisest purposes and upon the wisest public policy. It is to aid in the maintenance of right and the suppression of meditated wrong."

But if the allegations of appellants' petition are true, appellee had the right to sell the land, and therefore did not commit a fraud upon the rights of appellants when he sold the same. On the contrary, in so doing he was carrying out the agreement made at the time of the execution of the conveyance to him as a part of the consideration therefor. His wrong, if any, was not in selling the land, but in refusing to account to appellants for the proceeds of such sale. It is not alleged that he sold the land for less than its value at the time of the sale. Had he done so for the purpose of defrauding the appellants that would raise an issue which is not in this case.

For the reasons above stated, we hold that, if the deed was intended as a mortgage, appellants' measure of damages is the consideration received for the land, less the indebtedness secured by such mortgage, with legal interest on the excess.

[10] Appellants do not sue for the recovery of the Crane county lands received by appellee for the 900 acres, but, in the alternative, for the value of said land, in the event they be not permitted to recover for the value of the 900-acre tract at the time of the trial. But they contend that the value of the Crane county land is to be fixed by the recitals in the deeds to the same executed to appellee. These recitals were admitted as a circumstance to show the value of such lands, but they are not conclusive. Appellants, by waiving their option to recover the Crane county lands, and seeking to hold appellee personally responsible, have elected to recover the value of the proceeds of the sale at the time of such sale, and this means the true value of the lands received at .the time of the sale, plus the vendor's lien note received by appellee, which he has since collected.

[11] Appellants assign error upon the refusal of the court to give the following special charge requested by them:

"As to the plaintiff F. W. Norton, you are instructed to find for him one-half the amount, if any, received by P. J. Lea for the sale of the personal property and the Robertson county land, with 6 per cent. interest thereon from the time that the property was sold by Lea, after

deducting the amount of Lea's debt against the property at the time the deed was made by Norton to Lea."

The grounds upon which this requested charge is based are that W. H. Norton told F. W. Norton at the time he signed the deed that he (W. H. Norton) had a verbal understanding with Lea that the deed was intended as a mortgage, and that F. W. Norton did not sign the bill of sale to the personal property. There is no pretense that appellee, or his agent, B. W. Davis, had any knowledge that such representation was made by W. H. Norton to F. W. Norton. There was no accident or mistake on the part of F. W. Norton; he knew at the time that he signed the deed that it was absolute upon its face. No fraud was committed upon him by appellee. If any fraud was committed upon F. W. Norton, it was by his son and co-owner, to whom he intrusted said transaction. We do not think that such fraud, if any, would be a ground for avoiding his deed. Appellants cite no authority in support of their contention. Had the requested charge applied to the personal property only, it would have presented an issue that is not raised by the record herein, and which consequently we are not called upon to decide.

We overrule all of appellants' other assignments of error, except the tenth and twelfth.

[12] The tenth assignment is as follows:

"The court erred in that part of the second paragraph of the charge to the jury as follows: 'Unless you believe from the evidence that the Nortons had only a reasonable time in which to assert their claim, and that they waited an unreasonable time in which to assert the same, and in determining what is a reasonable time, you will take into consideration all of the circumstances of the case.'"

The court had in the preceding portion of the charge instructed the jury, in effect, to find for plaintiffs if they found that the deed was intended as a mortgage.

Appellee pleaded the two and four year statutes of limitations and laches and stale demand on the part of appellants, but the evidence did not raise these issues; hence it was error to give the charge above set out.

[13] The twelfth assignment of error is as follows:

"The court erred in giving in charge to the jury the fourth special charge asked by defendant as follows: 'You are further instructed that if you believe from the evidence that the agreement between Lea and Will Norton, if any, as to Norton's selling the land and retaining such amount, if any, over Lea's debt, was to run until from about September to January 1, 1905, at which time the Nortons were to pay off their indebtedness to Lea by deeding the property to Lea, then you will find for the defendant Lea."

This charge is based upon the testimony given in appellee's behalf to the effect that W. H. (Will) Norton made such an agreement with appellee. Such testimony of the prior agreement with W. H. Norton was ad-

missible as a circumstance tending to prove that the deed was executed in accordance therewith, but the charge of the court makes this circumstance, if proven, conclusive evidence as to such fact. In this there was error.

On account of the errors in the charge of the court as complained of in the tenth and twelfth assignments of error, this cause is reversed and remanded for a new trial.

Reversed and remanded.