ARNOLD et al. v. FULLER et al.
(No. 1333.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 11, 1926.)

1. Appeal and error ⊜=1135—No error in judgment shown, in absence of assignments of error in brief, fundamental error, or record showing exceptions to findings and conclusions.

Where there is no assignment of error in appellants' brief or anywhere in the record, nor suggestion of fundamental error, nor any showing of exceptions to court's findings and conclusions, no error in judgment appealed from is shown.

2. Appeal and error ⊜=1078(1)—Assignments of error not in appellant's brief waived.

Assignments of error, not brought forward in appellant's brief, are waived.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Action by J. D. Fuller and another against Carroll Arnold and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Jas. G. Barker, of Hemphill, and Mooney & Adams, of Woodville, for appellants.

J. W. Minton, of Hemphill, for appellees.

HIGHTOWER, C. J. This was an action of trespass to try title brought by appellees J. D. Fuller and T. G. Fuller against appellants Carroll Arnold and P. P. Gandy, involving a portion of lot No. 6 in block No. 18 in the town of Hemphill, Sabine county. Appellees, in addition to their prayer for recovery of the title and possession of that portion of the lot involved here, also prayed for an injunction compelling appellants to remove from the property certain steam pipes and water pipes and other obstructions which it was alleged appellants had wrongfully placed upon the property, and which interfered with appellees' use of the property.

Appellants answered by a general denial and plea of not guilty, and, in addition to this, they specially alleged that they were in possession of the property described in the appellees' petition under valid contracts of lease that had been executed by one Winfield Morris, who was the predecessor in title of the appellees, and that they were entitled, under these contracts of lease, to retain and hold possession of the property sued for by appellees, until November 20, 1929. Appellants then expressly admitted in their answer that they claimed no title or interest or right of any kind in the property sued for by appellees, other than the right of possession under the contracts of lease above mentioned.

The case was tried before the trial judge without a jury, and resulted in a judgment in favor of appellees for title and possession of the property described in their petition, and the judgment also was in their favor for the injunction prayed for by them, and from this judgment this appeal has been prosecuted.

At the commencement of the trial of the case it was agreed by the parties that the title to the property involved in this suit was in appellees, and that they were entitled to its recovery and its possession unless appellants should show themselves entitled to hold possession under the lease contracts as pleaded by them.

After the court had announced its judgment in favor of appellees, the court, at the request of appellants, filed formal findings of fact and conclusions of law, one of the findings of fact being, in substance, that appellants showed no right, title, or interest of any kind in or to the property in controversy as lessees or otherwise, and that they were not entitled to hold its possession as claimed by them.

[1, 2] Upon consideration of appellants' brief, we find that no assignment of error is contained therein, nor is there any assignment of error to be found anywhere in the record, nor is there any suggestion of fundamental error by appellants. Neither is there any showing by the record that the trial court's findings of fact and conclusions of law were excepted to by appellants. In this situation, no error in the trial court's judgment is shown. In the first place, if there were assignments of error at all, they should have been brought forward in appellants' brief, for it is the rule in this state that all assignments of error not brought forward in the appellants' brief are waived. Therefore there is nothing presented in appellants' brief for our consideration, and it follows that the trial court's judgment must be affirmed; and it is so ordered.

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes