**AUSTIN, State Banking Com'r v. BAIN.**
**(No. 333.)**

(Court of Civil Appeals of Texas. Waco. March 25, 1926. Rehearing Denied May 5, 1926.)

1. **Banks and banking** ⚖️15—**Taxes temporarily deposited in guaranteed state bank, which was not county depository, held protected by depositors' statutory guaranty fund (Vernon's Sayles' Ann. Civ. St. 1914, art. 486; Rev. St. 1925, arts. 447, 2544–2558).**

Taxes collected and temporarily deposited as noninterest-bearing deposit by tax collector as such in guaranteed state bank *held* "deposits" within Vernon's Sayles' Ann. Civ. St. 1914, art. 486, prior to enactment of Rev. St. 1925, art. 447, and protected by depositors' statutory guaranty fund, though another bank had been designated county depository bank under Rev. St. 1925, arts. 2544–2558.

2. **Evidence** ⚖️25(1).

Court will take judicial notice that neither of certain towns is county seat.

3. **Banks and banking** ⚖️15—**As respects protection of guaranty fund, tax collector's temporary deposit of tax money in nearby bank instead of county depository can be complained of only by depository bank and owners of tax money, and cannot affect character of deposits (Rev. St. 1925, arts. 2544–2558).**

As respects protection of guaranty fund, tax collector's temporary deposit of tax money in nearby bank instead of that designated as county depository bank, under Rev. St. 1925, arts. 2544–2558, which was some distance away, can be complained of only by depository bank and owners of tax money, and cannot affect character of deposits.

4. **Courts** ⚖️87.

Holding of Commission of Appeals, being approved by Supreme Court, thereby becomes settled law of state.

AUSTIN v. BAIN
(283 S.W.)

**5. Appeal and error ☞747(3)..**

Court of Civil Appeals cannot consider cross-assignment of error which was not filed in trial court.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Suit by Robert N. Bain against Charles O. Austin, Banking Commissioner of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Smith, Caves & Gibson, of Austin, for appellant.

S. W. Dean, of Navasota, for appellee.

STANFORD, J. This is a suit by Robert N. Bain, appellee, against Charles O. Austin, banking commissioner of Texas, appellant, to establish, as a claim against the bank depositors' statutory guaranty fund of the state, deposits with the Guaranty State Bank of Buffalo, Tex., aggregating the sum of $1,054.34. Judgment was for plaintiff for $955.95, and from this judgment defendant has appealed. There was also judgment that appellee take nothing as to two small items aggregating $98.39. The trial was before the court without a jury, and upon an agreed statement of the facts, as provided by article 2177 of the Revised Civil Statutes of 1925. The matters involved in this suit occurred prior to the enactment of chapter 45, p. 90, General Laws, Regular Session, Thirty-Eighth Legislature, now article 447 of the Revised Civil Statutes, effective June 4, 1923, so the law as it formerly existed is applicable to this case.

Opinion.

Appellant presents one assignment of error and two propositions thereunder, but we think a disposition of the first proposition will effectually dispose of the second also. Under appellant's first proposition, the contention is made that, in a county where one bank has been selected as a depository, if the tax collector of such county deposits taxes collected by him in another bank in said county, such bank having knowledge of the character of such funds, such funds are not protected by the bank depositors' statutory guaranty fund, although such bank receiving such deposits was a guaranty state bank operating under the bank deposit guaranty law of this state.

The agreed statement of facts shows that during 1922 Robert N. Bain was tax collector of Leon county; that the First State Bank of Normangee, Tex., was the duly selected and qualified depository of Leon county; that the Guaranty State Bank of Buffalo, Tex., during said year was not the depository of said county; that on September 15, 1922, there was a balance in favor of Robert N. Bain as tax collector of Leon county in the Guaranty State Bank of Buffalo, Tex., of 79 cents; that on October 16, 1922, he deposited $59.74 on October 28, 1922, $12, on October 28, 1922, $24.15, on November 28, 1922, $563.68, and on November 29, 1922, $295.59, said items aggregating $955.95; that all of these amounts, as was at all times known to the Guaranty State Bank of Buffalo, were tax moneys collected by Bain as tax collector in payment of taxes by various persons in Leon county, and for convenience said moneys were temporarily placed by Robert N. Bain as such tax collector in said Guaranty State Bank of Buffalo, Tex., to be thereafter withdrawn by his check on said bank in favor of the First State Bank of Normangee, thereby transferring and depositing said funds with the county depository bank; and that on December 1, 1922, appellee, for this purpose, drew his check on said Guaranty State Bank of Buffalo for $900, payable to said First State Bank of Normangee, the county depository, which said check was found among the papers of said Guaranty State Bank of Buffalo when it failed, but had not been paid; on December 9, 1922, said Guaranty State Bank of Buffalo was declared insolvent and closed and taken charge of by the banking commissioner, and the above various items aggregating $955.95 had not been paid by said bank, but were then on the books to the credit of the account of Robert N. Bain, tax collector, subject to his check as tax collector, and were noninterest bearing, and payment of same by said bank to said Robert N. Bain was not secured directly or indirectly by said bank, its officers or stockholders; that, when appellee drew his check on December 1, 1922, on the Guaranty State Bank of Buffalo, in favor of the First State Bank of Normangee, the county depository bank, said last-mentioned bank credited said $900 to appellee as tax collector; that on December 5, 1922, appellee as tax collector settled with the state, county, and all subdivisions of said county for all taxes coming to them, respectively, by check on said depository bank, which check was by said bank then paid, and neither the state nor county, nor any subdivision of said county, at any time thereafter has had or claimed any interest in said sum of $955.95; that said check for $900 on the Guaranty State Bank of Buffalo, not being paid by said bank, was by the First State Bank of Normangee charged back to and paid by appellee out of his private and individual money.

[1] Appellant's principal contention is that, as the moneys deposited by appellee in the Guaranty State Bank of Buffalo were taxes collected by appellee and deposited by him as tax collector, that such deposits do not come within the purview of article 486, Vernon's Sayles' Civil Statutes, the law that was

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in force at the time the transactions involved herein occurred; in other words, that such moneys so deposited are not deposits within the meaning of said article of our statutes, and so are not protected. This, we think, is the only important question in this case. It is true our statutes (articles 2544 to 2558, inclusive), provide for the selection and qualification of a county depository, and article 2549 provides, in effect, that it shall be the duty of the county tax collector to deposit all taxes collected by him in such county depository as soon as collected, pending the preparation of his report of such collections and settlement thereon, and that such depository shall pay interest on daily balances at the rate as may have been agreed upon, etc., and said article further provides, in effect, that, if the tax collector fails to deposit taxes as herein required, he shall be liable to such depository for 10 per cent. upon the amount not so deposited, and shall in addition be liable to the state, county, and its various subdivisions for all sums which would have been earned as interest had this provision been complied with.

[2, 3] The record discloses that the towns of Buffalo and Normangee are located in Leon county, Tex., and that said towns are a considerable distance apart, and this court judicially knows that neither of said towns is the county seat of said county. 23 C. J. p. 83, §§ 1867 and 1868. The record further discloses that appellee Bain, while collecting taxes in the vicinity of Buffalo, for convenience, temporarily deposited said taxes with the Guaranty State Bank of Buffalo until he could transfer same to the county depository at Normangee. It could hardly be expected of him, while collecting taxes at Buffalo, every time he made a collection to make a trip to Normangee, nor to carry said tax moneys in his pocket for several days until same could be placed in the county depository. It seems that all parties interested acted in the utmost good faith; the depository bank made no complaint; no one made any complaint or questioned the good intentions and honesty of purpose of appellee in making said temporary deposits in the Guaranty State Bank of Buffalo. If appellee's making said temporary deposits in the Buffalo bank was a violation of law, which we do not hold, it was only a technical violation, of which the depository bank and the owners of the tax money alone could complain, and could not affect the character of the deposits so made in the Buffalo bank.

The finding of the trial court that said deposits, aggregating $955.95, so made by appellee in the name of Robert N. Bain, tax collector, and subject to his check as such tax collector, was noninterest bearing and the payment of same by said bank to said Robert N. Bain was in no way secured by said bank, its officers or stockholders, is shown by all the evidence. The only remaining question to be considered is the one above referred to, to wit, Were public funds, deposited by a tax collector in a bank operated under the depositors' guaranty fund law, deposits within the provisions of article 486 prior to its amendment in 1923, and so protected by the depositors' statutory guaranty fund? In the case of Eastland County v. Chapman, Commissioner of Insurance & Banking et al., 276 S. W. 654, the commissioner of insurance and banking made the same contention he is making here, and, in discussing said question, the Commission of Appeals, Section B, said:

"We hold against defendant in error upon his contention that public funds such as those involved in this case were not within the contemplation of the statutes of surety afforded by the depositors' guaranty fund. Article 486, providing for the payment of depositors, makes special reference to article 448. Article 448, in providing a scheme for maintaining the guaranty fund by assessment of member banks, treats United States, state, and other public funds, when not otherwise secured, as being 'deposits.' The different articles of the act, of course, are to be construed in pari materia, and there is no reason to hold that such unsecured funds may not constitute the unsecured deposit entitled to the protection of the fund. Moreover, the Act of the Thirty-Eighth Legislature, at its regular session, approved February 28, 1923 (Acts 38th Leg. c. 45), amending article 486, so as to provide that any deposit of public funds of any kind or character, whether interest bearing or not, deposited in a state bank shall not be insured under this chapter, is itself a legislative interpretation of the article as it formerly was to include such deposits."

See articles 486 and 448, Vernon's Sayles' Civil Statutes; Eastland County v. Chapman, 276 S. W. 658.

[4] The above holding by the Commission of Appeals, being approved by our Supreme Court, thereby became the settled law of this state to the effect that, prior to the amendment of article 486, deposits of public funds in a guaranty state bank were "deposits," within the purview of said article, and were protected by the depositors' guaranty fund.

[5] Appellee has incorporated in his brief a cross-assignment of error, to the effect that the trial court erred in refusing to include in his judgment for appellee two small items for $71.05 and $27.34. But there is no showing anywhere or in any manner that this cross-assignment was ever filed in the trial court, and, this being true, we are not at liberty to consider same. Guaranty State Bank v. Hull (Tex. Civ. App.) 165 S. W. 107; Eldora Oil Co. v. Thompson (Tex. Civ. App.) 230 S. W. 738; Patterson v. Seeton, 47 S. W. 732, 19 Tex. Civ. App. 430; Lincoln v. Hollenbach (Tex. Civ. App.) 49 S. W. 686; Morrow v. Terrell, 50 S. W. 734, 21 Tex. Civ. App. 28; Williams v. Smith (Tex. Civ. App.)

98 S. W. 916. We will say, however, if we were at liberty to consider this cross-assignment, we would have to overrule same.

We have considered all of appellant's propositions under his assignment, and, finding no reversible error, the same are overruled, and the judgment of the trial court is affirmed.