### CITIZENS' STATE BANK OF HOUSTON v. McMURREY. (No. 1810.)

Court of Civil Appeals of Texas. Beaumont. April 18, 1929.

Rehearing Denied May 1, 1929.

Woods & John, of Houston, for plaintiff in error.

William M. McMurrey, of Cold Spring, for defendant in error.

WALKER, J. In this case plaintiff in error sued defendant in error upon a promissory note in the sum of $2,035 given by him to J. H. and Mrs. Ida Williamson, and by them indorsed without recourse to plaintiff in error.

Defendant in error's defense was that the note sued upon never became a binding con-

tract against him, and that plaintiff in error bought the note with knowledge of the facts that relieved him of liability.

■ Upon trial to the court without a jury judgment was entered in favor of defendant in error. Plaintiff in error duly perfected its appeal and filed in the lower court assignments of error attacking the judgment only on the ground that the evidence was insufficient to support a conclusion that it was not an innocent purchaser of the note sued upon. Though these assignments were duly filed in the lower court, they have not been brought forward in the brief of plaintiff in error. While defendant in error has filed no motion to strike the brief, yet without assignments of error the brief presents nothing for review. In Arnold v. Fuller, 279 S. W. 928, Mr. Chief Justice Hightower speaking for this court, discussing the failure to bring forward assignments of error in the brief, said: "It is the rule in this State that all assignments of error not brought forward in the appellants' brief are waived. Therefore there is nothing presented in appellants' brief for our consideration." In Porter v. Thompkins, 11 S.W.(2d) 367, we sustained appellee's motion to strike the brief on the ground that: "Appellants failed to bring forward in their brief their assignments of error."

■ Plaintiff in error has propositions attacking the court's conclusion that it was not an innocent purchaser of the note. These propositions cannot be reviewed without a proper assignment. Also plaintiff in error has what it designates a proposition of fundamental error to the effect that the judgment of the court on the pleadings of defendant in error is erroneous. This proposition as one of fundamental error is without merit.

Without a brief, plaintiff in error is not in position to complain of the rulings of the court against it in this case.

It follows that the judgment of the trial court must be in all things affirmed, and is accordingly so ordered.