## FORREST v. MOORE et al. (No. 8315.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 18, 1929.

Rehearing Denied Jan. 15, 1930.

W. C. Linden and Joseph A. Dickey, both of San Antonio, for plaintiff in error.

Thomson, Dilworth & Marshall and H. S. Piland, all of San Antonio, for defendants in error.

FLY, C. J. Plaintiff in error, herein styled plaintiff for brevity, sued Mrs. N. M. Moore, joined by her husband, E. J. Moore, and Mary Marshall, a feme sole, herein styled defendants, to recover one-half of certain real estate described in the petition, for an accounting between the parties, and a partition of such real estate. A trial, without a jury, resulted in a judgment that plaintiff, John P. Forrest, take nothing by his suit, and that defendants recover of plaintiff on their cross-action the sum of $2,300. E. J. Moore died pending the suit.

Although this is a writ of error, and the statute requires the parties to be styled plaintiff in error and defendants in error, they are styled appellant and appellees on the transcript and brief of plaintiff. This is referred to because it necessitates a change in the style of the suit, when the true status of the parties is discovered by the member of the court who writes the opinion.

The statement of the nature and result of the suit covers 7 of the 13 typewritten pages of the brief, and is not in compliance with rule 29 for the preparation of briefs, which provides: "The opening part of the brief for the appellant or plaintiff in error shall consist of a plain and succinct statement of the nature and result of the suit, not argumentative, but constituting a concise statement of the case." Rule 32 requires that: "The brief shall contain verbatim copies of such of the assignments of error filed in the trial court and reproduced in the transcript, as are relied on in the appeal, but their original numbering may be disregarded."

No assignments of error are copied into the brief of plaintiff, and he admits the omission, but argues that it does not matter, because "each proposition points out specifically the page of the transcript upon which is to be found the assignment of error upon which it is based, both in the motion for new trial and the assignments filed in this court, and, had assignments been specifically copied into the brief, the court would have to look to the matter to which it is referred as to whether the assignments set out in the brief were correct, and thus the court loses nothing in the way of time or trouble to determine the points presented in the brief." This, of course, is no answer to a failure to comply with the plain requirement of a rule. The Supreme Court, in providing the rule, seems to have a different conception of the matter from that held by appellant. It is not true, as stated by appellant, that an appellate court is compelled to search the transcript to verify the correctness of the copy made of the assignments of error, for it is usually presumed that attorneys are men of honor, and would not attempt to deceive a court by changing assignments copied into the brief. Appellate courts consistently hold that a failure to copy assignments of error into briefs shall be ground for dismissal of the same. Ruth v. Cobe (Tex. Civ. App.) 165 S. W. 530; Dees v. Thompson (Tex. Civ. App.) 166 S. W. 56; Bradshaw v. Kearby (Tex. Civ. App.) 168 S. W. 436; Coons v. Lain (Tex. Civ. App.) 168 S. W. 981; Norton v. Lea (Tex. Civ. App.) 170 S. W. 267; Watson v. Patrick (Tex. Civ. App.) 174 S. W. 632; Arnold v. Fuller (Tex. Civ. App.) 279 S. W. 928; Citizens' State Bank v. McMurrey (Tex. Civ. App.) 16 S.W.(2d) 541.

There being no assignments of error in the brief, this court can consider funda-

mental error only, and a scrutiny of the record fails to disclose any error that is apparent. Plaintiff suggests, in his answer to motion to strike the briefs, that an error can be found by reading the statement of facts, but no such action by this court is required. Errors apparent of record do not include those which are ascertained by reading the statement of facts. Arrington v. Southern Pine Lumber Co. (Tex. Civ. App.) 16 S.W.(2d) 166; Swinson v. Thomas (Tex. Civ. App.) 16 S.W. (2d) 412.

The judgment will be affirmed.