### YOST et al. v. WILSON et al.
### No. 1972.

Court of Civil Appeals of Texas. Beaumont. April 3, 1930.

A. L. Shaw, of Beaumont, for appellants.
W. R. Blain, of Beaumont, for appellees.

WALKER, J.

This suit was instituted in trespass to try title by appellees against appellants to recover the title and possession of lots 21, 22, 23, and 24 of the Uncle Sam addition to the city of Beaumont. Appellants answered by pleas of general demurrer, general denial, and not guilty. They specially pleaded improvements in good faith and the statute of ten years' limitation. Also, they specially plead the following facts: On the 28th day of September, 1905, J. F. Horkan executed and delivered to David Janes his deed in writing to the lots sued for, to wit, Nos. 21, 22, 23, and 24. But these were not the lots that Horkan intended to sell and that Janes intended to buy. The lots pointed out by Horkan and purchased by Janes, as correctly numbered upon the map and plat of the Uncle Sam addition were lots 27, 28, 29, and 30. But in writing the deed a wrong description of the property dealt with was inserted in the deed and the property was described in the deed as being lots 21, 22, 23, and 24, when in fact it should have been lots 27, 28, 29, and 30. On the 15th day of January, 1906, Janes conveyed to his daughter Amasa Wilson lots 21 and 22, and to his daughter Callie Hebert lots 23 and 24. But in thus describing the property conveyed to his daughters, he intended to convey to Callie Hebert lots 27 and 28, and to Amasa Wilson lots 29 and 30; that the daughters took the property thus conveyed to them believing that it was lots 27, 28, 29, and 30, but in this belief they were mistaken; that the daughters went into possession of lots 27, 28, 29, and 30, asserting a claim thereto under their deeds, and improved the same and have continuously used, occupied, and enjoyed the same and have never asserted any claim to lots 21, 22, 23, and 24, as such lots exist upon the ground; that Horkan, believing he owned lots 21, 22, 23, and 24, as they exist on the ground, improved the same, believing they were.in fact lots 27, 28, 29, and 30, and subsequently sold them by these numbers to his codefendants Yost and Lyons. On these allegations defendants prayed for a correction of the deed from Horkan to Janes and from Janes to his daughters and from Horkan to Yost and Lyons, so that the deeds, when corrected, would correctly describe the lots held by the various claimants. This suit was filed the 12th day of March, 1928, and appellants'

answer and cross-action was filed the 21st day of May, 1929.

 No excuse of any kind was pleaded by appellants for not sooner discovering the mistake, nor did they plead any excuse for not sooner asking for a judicial correction of the mistake. The answer and cross-action of defendants goes no further than to state in clear terms the mistake made in the description of the property and pray for its correction. By supplemental plea appellees plead, both by exception and special plea, the defense of four years' limitation against appellants' plea for correction of the deeds. The trial was to the court without a jury. Judgment was for appellees for the title to lots 21, 22, 23, and 24, with their value fixed at $1,200 and in favor of appellants for their improvements in the sum of $1,500, with relief accordingly. Appellants seasonably requested, both orally and by written motion, that the trial court file conclusions of fact and law, which request was not complied with, and to which refusal appellants have properly reserved their exceptions.

We have before us a statement of facts duly certified by the trial court, but to which appellants refused to agree. Their only contention on this appeal is that the court erred in refusing to file conclusions of fact and law. No showing of injury is made nor is there any proposition to that effect except the simple proposition that the mere refusal to file conclusions of fact and law constitutes reversible error.

Such a contention cannot be sustained. It was emphatically denied by the court in Russell v. Lehman (Tex. Civ. App.) 300 S. W. 105, where, construing article 2247, R. S., it was said:

"There being a statement of facts on file in this cause, and the appellant having failed to point out any error of the court in the trial of the case, and our investigation of the record leading us to the conclusion that the judgment was properly rendered, we refuse to reverse the trial court's judgment. Employers' Casualty Co. v. Harris (Tex. Civ. App.) 284 S. W. 634; Childress v. Wolf (Tex. Civ. App.) 273 S. W. 275; George v. Dupignac (Tex. Civ. App.) 273 S. W. 934; Voelkel v. Bank (Tex. Civ. App.) 296 S. W. 970.

"Such statement of facts being on file in this cause, which presents effectually a basis for the filing of assignments of error, and no errors being assigned other than the one herein discussed, we can see no reason why this case should be reversed, and hence affirm the judgment of the trial court."

 While appellants have assigned no injury, nor suggested injury upon the ground that they were denied conclusions of fact and law, we have carefully read the entire statement of facts, which is very short, and have concluded no injury was done appellants. Their right to have the deed from Horkan to Janes corrected was barred under the four-year statute of limitation (Rev. St. 1925, art. 5529). This appears fundamentally upon the face of the answer of appellants and their cross-action. Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017; see, also, Annotations to article 5529, Vernon's Texas Statutes. While appellants plead the statute of ten years' limitation, upon the undisputed record they failed to raise this issue.

Appellees have a cross-assignment of error in their brief complaining of the judgment of the trial court in favor of appellants on the issue of improvements in good faith. While this cross-assignment is in the brief, it was not filed in the trial court, and therefore presents nothing for review. The rule is thus stated by Texas Jurisprudence, vol. 3, page 875: "It is settled that cross assignments must be filed in the trial court, and that an assignment not so filed may not be considered." See, also, Austin v. Bain (Tex. Civ. App.) 283 S. W. 638.

The judgment of the trial court is therefore in all things affirmed.