### GLADNEY v. PATE et al.

No. 1983.

Court of Civil Appeals of Texas. Beaumont.

June 13, 1930.

Rehearing Denied July 2, 1930.

Adams & McAlister and P. A. Sanders, all of Nacogdoches, for appellant.

Seale & Denman and Tucker & Thompson, all of Nacogdoches, for appellees.

WALKER, J.

This was a suit in trespass to try title by appellant against appellees involving 109¼ acres of land in Nacogdoches county, Tex. Appellees answered by the usual pleas, also pleading the statutes of limitation. The issue of ten years' limitation was submitted to the jury and found in appellees' favor, and upon this verdict judgment was rendered in favor of appellees for the land in controversy. Appellants filed motion for new trial, which was in all things overruled, and appeal duly perfected to this court.

They presented the case upon two propositions but without assignments of error; that is, they have not copied into their brief their assignments of error. On this statement there is nothing before us for review. As said by Judge Fly in Forrest v. Moore (Tex. Civ. App.) 22 S.W.(2d) 1104: "Appellate courts consistently hold that a failure to copy assignments of error into briefs shall be ground for dismissal of the same. Ruth v. Cobe (Tex. Civ. App.) 165 S. W. 530; Dees v. Thompson (Tex. Civ. App.) 166 S. W. 56; Bradshaw v. Kearby (Tex. Civ. App.) 168 S. W. 436; Coons v. Lain (Tex. Civ. App.) 168 S. W. 981; Norton v. Lea (Tex. Civ. App.) 170 S. W. 267; Watson v. Patrick (Tex. Civ. App.) 174 S. W. 632; Arnold v. Fuller (Tex. Civ. App.) 279 S. W. 928; Citizens' State Bank v. McMurrey (Tex. Civ. App.) 16 S.W.(2d) 541."

That appellees have filed no motion to strike appellant's brief does not cure the defect pointed out. In Citizens' State Bank v. McMurrey, by this court, cited supra, we said: "While defendant in error has filed no mo-

tion to strike the brief, yet without assignments of error the brief presents nothing for review."

■ Appellees have brought forward in their brief a cross-assignment of error which cannot be reviewed because not filed in the lower court. 3 Tex. Jur. 875, stated the rule as follows: "It is settled that cross assignments must be filed in the trial court, and that an assignment not so filed may not be considered." Austin v. Bain (Tex. Civ. App.) 283 S. W. 638, with the other authorities cited, fully supports this rule.

It follows that the judgment of the trial court should be affirmed, as we have before us no assignments of error attacking its correctness, and it is accordingly so ordered.

On Motion for Rehearing.

■■ We are in error in our statement in the original opinion that appellees failed to file their cross-assignments in the lower court; but as the judgment of the lower court was in all things affirmed on other grounds, the errors thus assigned become immaterial. Appellant's motion for permission to attach her assignments of error to her brief, filed since the filing of the original opinion, must be overruled. As we understand the decisions of all the Courts of Civil Appeals, this permission has never been granted after opinion has been handed down.

It follows that appellant's motion for rehearing must be overruled.