## LEBOWITZ v. SUERAVITZ.

### No. 3915.

Court of Civil Appeals of Texas. Texarkana. Dec. 5, 1930.

Rehearing Denied Dec. 11, 1930.

J. P. Rice and Wm. H. Clark, Jr., both of Dallas, for plaintiff in error.

Wm. M. Cramer, of Dallas, for defendant in error.

WILLSON, C. J. (after stating the case as above).

By the terms of article 1844, Rev. St. 1925, plaintiff in error was required, before he took the transcript from the office of the clerk of the court below, to file with said clerk "assignments of error specifying the grounds" on which he relied for a reversal of the judgment. By the terms of Rule 32 for the government of Courts of Civil Appeals, he was required to copy such assignments in the brief he filed here. This requirement he failed to comply with. It has been repeatedly held, when such assignments are not copied into the appellant's or plaintiff in error's brief, that an appellate court should consider only "errors apparent on the face of the record." Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846; Gladney v. Pate (Tex. Civ. App.) 29 S.W.(2d) 794; Dawes v. Irr. Dist. (Tex. Civ. App.) 25 S.W.(2d) 907; Greenwall v. Ligon (Tex. Com. App.) 14 S.W.(2d) 829; Devlin v. Heid Bros. (Tex. Civ. App.) 21 S. W.(2d) 746. Plaintiff in error has not pointed out, and we have not found, such an error in the record, and therefore cannot do otherwise than affirm the judgment.