## GARRISON v. DALLAS RY. & TERMINAL CO.*

No. 3931.

Court of Civil Appeals of Texas. Texarkana.
Dec. 8, 1930.

Rehearing Denied Dec. 11, 1930.

See, also (Civ. App.) 30 S.W.(2d) 1108.

Bryan, Maxwell & Dardnne, of Waco, and Alex Pope and H. B. Sanders, both of Dallas, for appellant.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellee.

WILLSON, C. J. (after stating the case as above).

Appellant insists it appeared the jury were guilty of misconduct entitling him to have the judgment set aside, and that the court below therefore erred when he overruled his motion for a new trial on that ground.

*Writ of error granted.

■ Special issues were submitted to the jury and they were instructed to answer same from a preponderance of the evidence, without regard to the effect their answers might have upon the judgment to be rendered in the case. The misconduct charged was that the jury ignored the instruction and before considering the issues took a vote upon a question they framed to determine whether appellee or appellant was guilty of negligence, and, after determining that appellee was not and that appellant was guilty, answered the issues in such a way as to require the judgment to be in appellee's favor.

Such conduct on the part of a jury is held to be "misconduct" within the meaning of article 2234, R. S. 1925. Conlisk v. Bender (Tex. Civ. App.) 245 S. W. 941; Gulf, C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; City of Waco v. Rast (Tex. Civ. App.) 2 S.W.(2d) 563; Seale v. Schultz (Tex. Civ. App.) 3 S.W.(2d) 563; McFaddin v. Hebert (Tex. Com. App.) 15 S.W.(2d) 213; McGee v. Cunningham (Tex. Civ. App.) 17 S.W.(2d) 494. In the case first cited the court said "the principal object [quoting] in submitting a question to a jury upon special issues is that they should be relieved from any bias or prejudice in favor of or against the parties by reason of the effect of their answers, and that they should answer each question truly as they find the fact to be from the evidence in reference thereto."

■ We have carefully read and considered the evidence (consisting of the testimony of four of the jurors who tried the case) adduced at the hearing on the motion, and think it conclusively appeared therefrom that when the jury retired to consider the case the first thing they did after electing a foreman was to determine whether the verdict they were to render should be in favor of appellee or appellant; and having determined it should be in appellee's favor, the next thing they did was to so frame the answers they made to the special issues as to require the rendition of a judgment denying appellant a recovery of anything against appellee. The juror Hammon testified:

"The first thing the jury did after they retired was to elect a foreman, Mr. Miller, and the next thing we did we took a ballot on how the jury stood in regard to rendering a verdict in favor of the defendant or the plaintiff. We had a discussion about how to put this question to the jury—that is, the foreman did, and we finally decided on just writing it on a piece of paper 'Garrison guilty' or 'Street Car Company guilty of negligence.' * * * All twelve of the jurors voted that Garrison was negligent. After having done that and after having arrived at a verdict we proceeded to answer the issues * * * so as to secure

that verdict to the company. * * * After we decided the plaintiff was guilty of negligence and the defendant was not, and we found the plaintiff's negligence caused it, we took up each question and found in accordance with what we already found."

As we view it, none of the remainder of the testimony of said juror Hammon was contradictory of the part set out above, and there was no real inharmony between his testimony and that of the other three jurors who testified at said hearing. It is plain from all the testimony that the jury, before considering the special issues, determined that appellant should be denied a recovery of anything against appellee, and then answered the special issues in the way they thought would require the judgment to be in appellant's favor.

■■ Combatting appellant's contention, appellee insists the judgment should be affirmed without respect to whether the jury was guilty of misconduct or not, because it appeared as a matter of law, it says, that appellant was guilty of contributory negligence, which deprived him of a right to a recovery of anything against it. If it is not a sufficient answer to this contention to say that it does not appear from anything in the record that appellee objected to the submission to the jury of the issues as to contributory negligence on the part of appellant, and therefore is in the attitude of agreeing that the evidence made an issue as to whether appellant was guilty of such negligence or not (Gonzales v. Flores [Tex. Civ. App.] 200 S. W. 851; Hair v. Ry. Co. [Tex. Civ. App.] 274 S. W. 247; Rosenthal v. Hillebrandt [Tex. Com. App.] 7 S.W.(2d) 521: International & G. N. R. Co. v. Vanlandingham, 38 Tex. Civ. App. 206, 85 S. W. 847), it is, we think, a sufficient one to say that appellee is not entitled to have the insistence considered here, because it is not presented by a cross-assignment of error filed in the court below and carried into its brief filed here. Gladney v. Pate (Tex. Civ. App.) 29 S. W.(2d) 794; Yost v. Wilson (Tex. Civ. App.) 27 S.W.(2d) 286; Western Union Tel. Co. v. Cates (Tex. Com. App.) 291 S. W. 193; Merchants' & Planters' State Bank v. Brewer (Tex. Civ. App.) 286 S. W. 253; Morrison v. Brooks (Tex. Civ. App.) 189 S. W. 1094; Austin v. Bain (Tex. Civ. App.) 283 S. W. 638; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030. As shown by the cases just cited, it has been repeatedly held that matters relied upon to support a judgment, notwithstanding errors which otherwise would require its reversal, must be presented by cross-assignments filed in the trial court.

The judgment is reversed, and the cause will be remanded to the court below for a new trial.